**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117405

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joseph Lichter, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| Bureau of Accounts  Control, Inc., | JURY TRIAL DEMANDED |
| Defendant. | |

Joseph Lichter, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Bureau of Accounts  Control, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Joseph Lichter is an individual who is a citizen of the State of New York residing in Rockland County, New York.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Bureau of Accounts  Control, Inc., is a New Jersey Corporation with a principal place of business in Monmouth County, New Jersey.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses the mails in its debt collection business.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

14.     Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem.  *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696;  15 U.S.C § 1692(a).

15.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors.  *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16.     To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection."  *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

17.     In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the

Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18.     Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

19.     To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer— understands the notice he or she receives. *Russell*, 74 F.3d at 34.

20.     The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21.     Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

22.     Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

23.     Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

24.     To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

3

**ALLEGATIONS**

25. Defendant alleges Plaintiff owes a debt to "Bergen Urological Assoc, PA" ("the alleged Debt").

26. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27. The alleged Debt does not arise from any business enterprise of Plaintiff.

28. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. Plaintiff incurred a debt for medical services with "New Jersey Urology, LLC," not Bergen Urological Assoc., PA

30. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

31. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

32. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated February 2, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

33. The Letter conveyed information regarding the alleged Debt.

34. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

35. The Letter claims that Plaintiff owes an alleged Debt to Bergen Urological Assoc, PA.

36. Plaintiff did not owe the alleged Debt to Bergen Urological Assoc, PA at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

37. Plaintiff did not owe the alleged Debt to Bergen Urological Assoc, PA at the time Defendant sent Plaintiff the Letter.

38. Plaintiff did not owe the alleged Debt to Bergen Urological Assoc, PA at the time Plaintiff received the Letter.

39. Plaintiff was never indebted to Bergen Urological Assoc, PA.

40. Plaintiff did not owe any money to Bergen Urological Assoc, PA.

41.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

43.     15 U.S.C. § 1692e(10) prohibits a debt collector's use of any false representation or deceptive means to collect or attempt to collect any debt.

44.     Defendant's representation that Plaintiff owed money to Bergen Urological Assoc, PA, when Plaintiff did not owe money to Bergen Urological Assoc, PA, is a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A).

45.     Defendant's representation that Plaintiff owed money to Bergen Urological Assoc, PA, when Plaintiff did not owe money to Bergen Urological Assoc, PA, is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

46.     Defendant's representation that Plaintiff owed money to Bergen Urological Assoc, PA, when Plaintiff did not owe money to Bergen Urological Assoc, PA, is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

47.     Defendant's representation that Plaintiff owed money to Bergen Urological Assoc, PA, when Plaintiff did not owe money to Bergen Urological Assoc, PA, is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

48.     Defendant's representation that Plaintiff owed money to Bergen Urological Assoc, PA, when Plaintiff did not owe money to Bergen Urological Assoc, PA, is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

49.     Defendant's allegation that Plaintiff owed money to Bergen Urological Assoc, PA, when Plaintiff did not owe money to Bergen Urological Assoc, PA, is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

50.     Defendant's allegation that Plaintiff owed money to Bergen Urological Assoc, PA, when Plaintiff did not owe money to Bergen Urological Assoc, PA, is the false representation of the amount of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

51.     Defendant's allegation that Plaintiff owed money to Bergen Urological Assoc, PA, when Plaintiff did not owe money to Bergen Urological Assoc, PA, is the false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

52.     Defendant's allegation that Plaintiff owed money to Bergen Urological Assoc, PA, when Plaintiff did not owe money to Bergen Urological Assoc, PA, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

53.     Defendant's allegation that Plaintiff owed money to Bergen Urological Assoc, PA, when Plaintiff did not owe money to Bergen Urological Assoc, PA, is a deceptive means in an attempt to collect the alleged Debt in violation of  15 U.S.C. § 1692e(10).

54.     Defendant's request that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

55.     Defendant's request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

56.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

57.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

58.     Plaintiff seeks to certify a class of:

> i.  All consumers to whom Defendant sent a collection letter seeking to collect on behalf of "Bergen Urological Assoc, PA," when the consumer was not indebted to that entity, which letter was sent on or after a date one year prior to the filing of this action to the present.

59.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

60.     The Class consists of more than thirty-five persons.

61.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

62.     The prosecution of separate actions by individual members of the Class would

create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

63.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

64.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

   a.  Certifying this action as a class action; and

   b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

   c.  Finding Defendant's actions violate the FDCPA; and

   d.  Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

   e.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

   f.  Granting Plaintiff's costs; all together with

   g.  Such other relief that the Court determines is just and proper.

DATED: May 13, 2019

                                        **BARSHAY SANDERS, PLLC**

                                        By:  /s/ *Craig B. Sanders*
                                        Craig B. Sanders, Esquire
                                        100 Garden City Plaza, Suite 500
                                        Garden City, New York 11530
                                        Tel: (516) 203-7600
                                        Fax: (516) 706-5055
                                        csanders@barshaysanders.com
                                        *Attorneys for Plaintiff*
                                        Our File No.: 117405