**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOSEPH LICHTER, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

BUREAU OF ACCOUNTS CONTROL, INC.,

Defendant.

Docket No. 1:19-cv-04476-ER

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Jonathan M. Cader, Esquire
Craig B. Sanders, Esquire
David M. Barshay, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 4

I. STANDARDS OF REVIEW ..... 5

A. Standard of Review – Summary Judgment ..... 5

B. Standard of Review – the Least Sophisticated Consumer ..... 6

II. A CONSUMER'S *PRIMA FACIE* CASE UNDER THE FDCPA ..... 7

A. Plaintiff has Established the First Two Elements of His *Prima Facie* Case ..... 8

III. THE LETTER FAILS TO IDENTIFY THE CREDITOR TO WHOM THE ALLEGED DEBT IS OWED ..... 9

A. Defendant's Attempt to Collect a Debt not Owed is a *Per Se'* Violation of the FDCPA ..... 10

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Cases**

*Adickes v. S.H. Kress & Co.*,
398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ........ 6

*Avila v. Riexinger & Assocs., LLC*,
817 F.3d 72 (2d Cir. 2016) ........ 7

*Brady v. Town of Colchester*,
863 F.2d 205 (2d Cir. 1988) ........ 6

*Caldarola v. Calabrese*,
298 F.3d 156 (2d Cir. 2002) ........ 6

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ........ 6

*Chertkova v. Conn. Gen. Life Ins. Co.*,
92 F.3d 81 (2d Cir. 1996) ........ 5

*Clomon v. Jackson*,
988 F.2d 1314 (2d Cir. 1993) ........ 7

*Eades v. Kennedy, PC Law Offices*,
799 F.3d 161 (2d Cir. 2015) ........ 6

*Ellis v. Solomon & Solomon, P.C.*,
591 F.3d 130 (2d Cir. 2010) ........ 7

*Escobar v. Midland Credit Mgmt.*,
No. 3:18-CV-819 (MPS), 2019 WL 3751486 (D. Conn. Aug. 8, 2019) ........ 10

*Friedrich v. Hunter Warfield, Inc.*,
No. 1:12-CV-460, 2013 WL 4766188 (W.D. Mich. Sept. 4, 2013) ........ 9

*Hayut v. State Univ. of N.Y.*,
352 F.3d 733 (2d Cir. 2003) ........ 6

*Hess v. Cohen & Slamowitz LLP*,
637 F.3d 117 (2d Cir. 2011) ........ 8

*Hillaire v. Delta Funding Corp.*,
No. 98-7188, 2002 WL 31123860 (E.D.N.Y. Sept. 26, 2002) ........ 7

*Jenkins v. Hunter Warfield, Inc.*,
No. 8:09-CV-2558-T-33TBM, 2011 WL 693571 (M.D. Fla. Feb. 2, 2011), *report and recommendation adopted*, No. 8:09-CV-2558-T-33TBM, 2011 WL 693568 (M.D. Fla. Feb. 18, 2011) ........ 9

*Kropelnicki v. Siegel*,
290 F.3d 118 (2d Cir. 2002) ........ 1

*Lauria v. Heffernan*,
607 F.Supp.2d 403 (E.D.N.Y. 2009) ........ 6

*Major League Baseball Props., Inc. v. Salvino, Inc.*,
542 F.3d 290 (2d Cir. 2008) ........ 6

*Markosyan v. Hunter Warfield, Inc.*,
No. CV 17-5400 DMG (JCX), 2018 WL 2718089 (C.D. Cal. May 11, 2018) ........ 9

*Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*,
No. 18 CIV. 1781 (PGG), 2019 WL 5103885 (S.D.N.Y. Oct. 11, 2019) ........ 10

*Morales v. Quintel Entm't, Inc.*,
249 F.3d 115 (2d Cir. 2001) ........ 6

*Nicholson v. Forster & Garbus LLP*,
No. 11-CV-524 (SJF)(WDW), 2013 WL 2237554 (E.D.N.Y. May 17, 2013) aff'd. 570 F.App'x 40 (2d Cir. 2014) ........ 9

*Peters v. General Service Bureau, Inc.*,
277 F.3d 1051 (8th Cir. 2002) ........ 7

*Phillips v. Hunter Warfield, Inc.*,
No. A-17-CV-939-SS, 2017 WL 8896189 (W.D. Tex. Nov. 17, 2017), *report and recommendation adopted*, No. AU-17-CA-00939-SS, 2018 WL 1899732 (W.D. Tex. Jan. 19, 2018) ........ 9

*Quinteros v. MBI Associates, Inc.*,
999 F. Supp. 2d 434 (E.D.N.Y. 2014) ........ 7

*Raytman v. Jeffrey G. Lerman, P.C.*, No. 17 CIV. 9681 (KPF), 2018 WL 5113952 (S.D.N.Y. Oct. 19, 2018) ........ 10

*Rodriguez v. City of New York*,
72 F.3d 1051 (2d Cir. 1995) ........ 5

*Russell v. Equifax A.R.S.*,
74 F.3d 30 (2d Cir. 1996) ........ 7

*Sal-Bey v. Hunter Warfield, Inc.*,
No. 19-CV-22165, 2019 WL 5423458 (S.D. Fla. Oct. 23, 2019) ............ 9

*Sanchez v. Ehrlich*,
No. 16-CV-8677 (LAP), 2018 WL 2084147 (S.D.N.Y. Mar. 29, 2018)............ 11

*Spinelli v. City of N.Y.*,
579 F.3d 160 (2d Cir. 2009) ............ 6

*Suquilanda v. Cohen & Slamowitz, LLP*,
No. 10-CV-5868 (PKC), 2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011)............ 8

*Vincent v. The Money Store*,
736 F.3d 88 (2d Cir. 2013) ............ 1

*Viola v. Philips Med. Sys. of N. Am.*,
42 F.3d 712 (2d Cir. 1994) ............ 5

*Wolk v. Kodak Imaging Network, Inc.*,
840 F. Supp. 2d 724 (S.D.N.Y. 2012), *aff'd sub nom. Wolk v. Photobucket.com, Inc.*,
569 F. App'x 51 (2d Cir. 2014) ............ 5

*Zalaski v. City of Bridgeport Police Dep't*,
613 F.3d 336 (2d Cir. 2010) ............ 5

**Statutes**

15 U.S.C.
§ 1692 ............ 1
§ 1692a(2)............ 5, 12
§ 1692a(3)............ 4, 12
§ 1692a(5)............ 5, 12
§ 1692a(6)............ 5, 12
§ 1692e............ 2, 13, 16, 18
§ 1692e(10)............ 16
§ 1692e(5)............ 16
§ 1692g(a)(1) ............ 2
§ 1692g(a)(2) ............ 13
§ 1692g(a)(3) ............ 6
§ 1692g(a)(4) ............ 6
§ 1692g(a)(5) ............ 6

**Other Authorities**

S. Rep. No. 95-382 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696............ 16

Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50106 (Dec. 13, 1988): § 807(10)–2 ............... 22

**Rules**

Fed. R. Civ. P.
56 .......................................................................................................................... 1, 4, 9
56(c) ........................................................................................................................ 9

Plaintiff Joseph Lichter ("*Plaintiff*"), submits the instant memorandum in support of his Motion for Summary Judgment against Defendant Bureau of Accounts Control, Inc. ("*Defendant*"), pursuant to Fed. R. Civ. Pro. 56.

**PRELIMINARY STATEMENT**

This case arises under the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq*.) (the "*FDCPA*"), a federal statute enacted to protect consumers from the deceptive and/or harassing actions often taken by independent debt collectors, with the aim of limiting the suffering and anguish inflicted by the historically aggressive and improper methods used by such persons, who are often incentivized by the promise of earning commissions on the collection of debts which the original creditor had determined to be either uncollectible or unprofitable[1]. To further these ends, the FDCPA "establishe[d] certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection."[2] Chief among those rights, and relevant to the case-at-bar, is a debt collector's obligation to inform a consumer of the name of a creditor to whom an alleged debt is purportedly owed.[3]

Although the Complaint in this action does not assert claims under § 1692g(a)(2), § 1692e(2)(A) relatedly prohibits debt collectors from making false representations as to the character, amount and/or legal status of any debt. Further, § 1692e(10) prohibits debt collectors from using any false representation or deceptive means in connection with the attempt to collect any debt. In this regard, the attempt to collect a debt on behalf of an entity other than that to whom a debt is actually owed will violate the provisions of § 1692e, regardless of whether there is a corresponding violation of § 1692g.

---

1 *See e.g*, *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).
2 *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).
3 15 U.S.C. § 1692g(a)(2).

Plaintiff commenced this action following his receipt of a letter from Defendant through which Defendant was attempting to collect a debt allegedly owed to an entity identified as "Bergen Urological Assoc. PA." The letter indicates that the alleged debt is related to personal medical services rendered to Plaintiff on or about August 3, 2016. In this action, it is alleged that Defendant violated the applicable provisions of the FDCPA by, *inter alia*, making false representations as to the character, amount and/or legal status of the debt alleged to be owed. More specifically, the letter alleges that Plaintiff owes a debt to Bergen Urological Assoc. PA when, in fact, he does not.

As will be set forth more fully herein, Plaintiff recalls having been treated by "New Jersey Urology, LLC" on or about the date of treatment, however, Plaintiff does not recognize "Bergen Urological Assoc. PA," and such entity is a stranger to Plaintiff. In its Answer to the Complaint, Defendant admits that the alleged debt was incurred, if at all, for personal medical services rendered by New Jersey Urology, LLC. Despite this admission, Defendant nonetheless sent Plaintiff a letter alleging that he owes a debt to Bergen Urological Assoc. PA. Defendant has failed to explain its basis for asserting a claim on behalf of Bergen Urological Assoc. PA, when it admits that the services were provided by New Jersey Urology, LLC.

Because it is not disputed that the alleged debt arises, if at all, from personal medical services rendered to Plaintiff by New Jersey Urology, LLC, and because it cannot be disputed that Defendant's letter alleges that the alleged debt is purportedly owed to Bergen Urological Assoc. PA, there are no material facts in dispute. As a result, the Court should find that Plaintiff is entitled to summary judgment, insofar as Defendant's assertion that Plaintiff purportedly owes a debt to Bergen Urological Assoc. PA is demonstrably a false representation of the character, amount and/or legal status of the alleged debt.

## PROCEDURAL POSTURE

Plaintiff commenced this action upon the filing of a Complaint on May 16, 2019. *Dkt. No.* 1*, et seq*. The Court issued a Summons to Defendant on the following day. *Dkt. No.* 4. Defendant was served on June 5, 2019, and proof of such service was filed with the Court on June 10, 2019. *Dkt. No.* 7. Defendant appeared in this action on June 15, 2019, by filing an Answer to the Complaint. *Dkt. No.* 8. The Court scheduled an initial conference to take place on September 20, 2019. *Dkt. No.* 10. A proposed scheduling Order was filed on September 11, 2019 (*Dkt. No.* 11) which was adopted by the Court on September 12, 2019. *Dkt. No.* 12. The Court held a case management conference on March 4, 2020, at which time the Court granted the parties 30 days to continue settlement discussions and, if the case was not settled, granted the parties' requests to file dispositive motions and set a briefing schedule therefor. *Text only entry dated March 4, 2020.*

## STATEMENT OF FACTS

The facts of this case are taken from Plaintiff's accompanying Statement of Undisputed Material Facts pursuant to Local Rule 56.1 ("*PSUF*"), unless otherwise indicated.

Plaintiff is an individual who is a citizen of the State of New York, residing in Rockland County. *PSUF* at ¶ 1. Plaintiff is a natural person allegedly obligated to pay a debt and is a "consumer" as defined by 15 U.S.C. § 1692a(3). *PSUF* at ¶¶ 21-22. Defendant is a New Jersey corporation with a principal place of business in Monmouth County, New Jersey. *PSUF* at ¶ 2. Defendant regularly collects or attempts to collect debts asserted to be owed to others, which is the principal purpose of Defendant's business. *PSUF* at ¶¶ 3, 5. Defendant uses the mails in its attempts to collect debts from others and is a "debt collector" as defined by 15 U.S.C. § 1692a(6). *PSUF* at ¶¶ 4, 23.

Defendant alleges Plaintiff owes a debt (the "Alleged Debt"). *PSUF* at ¶ 6. The Alleged

Debt arises, if at all, from personal medical services rendered to Plaintiff at New Jersey Urology, LLC. *PSUF* at ¶ 9. The Alleged Debt is therefore a "debt" as defined by 15 U.S.C. § 1692a(5). *PSUF* at ¶ 24.

At some time, unknown to Plaintiff, the Alleged Debt was placed with Defendant for collection. *PSUF* at ¶ 10. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default. *PSUF* at ¶ 11. In its efforts to collect the Alleged Debt, Defendant sent Plaintiff a letter dated February 2, 2019 (the "*Letter*"). *PSUF* at ¶ 12. The Letter conveyed information regarding the Alleged Debt and is a "communication" as defined by 15 U.S.C. § 1692a(2). *PSUF* at ¶¶ 13, 25. The Letter identifies "Bergen Urological Assoc., PA" as the creditor to whom the Alleged Debt is purportedly owed. *PSUF* at ¶ 14. Plaintiff did not owe the alleged Debt to Bergen Urological Assoc, PA at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection. *PSUF* at ¶ 15. Plaintiff did not owe the alleged Debt to Bergen Urological Assoc, PA at the time Defendant sent Plaintiff the Letter. *PSUF* at ¶ 16. Plaintiff did not owe the alleged Debt to Bergen Urological Assoc, PA at the time Plaintiff received the Letter. *PSUF* at ¶ 17. Plaintiff was never indebted to Bergen Urological Assoc, PA and did not owe any money to Bergen Urological Assoc, PA. *PSUF* at ¶¶ 18-19. To the extent that the alleged Debt is owed at all, it is owed to New Jersey Urology, LLC. *PSUF* at ¶ 20.

## **ARGUMENT**

The undisputed facts further show that Defendant's Letter demanded payment to be made to an entity other than the creditor to whom the alleged debt is owed. Indeed, Defendant admits that the alleged debt arises out of services performed by New Jersey Urology, LLC. Insofar as it is a violation of the FDCPA to attempt to collect a debt that is not owed, the Court should find that Plaintiff is entitled to judgment as a matter of law.

## I. STANDARDS OF REVIEW

In evaluating Plaintiff's motion for summary judgment, the Court is to be guided by three principles. In no order of significance, they are: (i) the rules governing the applicability of the "least sophisticated consumer" standard; (ii) those applicable to summary judgment motions in general; and (iii) those applicable to stating a claim under the FDCPA.

### A. Standard of Review – Summary Judgment

Fed. R. Civ. P. 56(c) authorizes summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law." *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 736 (S.D.N.Y. 2012), *aff'd sub nom. Wolk v. Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014) (quoting *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995)) (brackets in original). "No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor." *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996)

The initial burden of "establishing the absence of any genuine issue of material fact" rests with the moving party. *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). Once this burden is met, however, the burden shifts to the non-moving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial. *Spinelli v. City of N.Y.*, 579 F.3d 160, 166–67 (2d Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S.

317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A mere "scintilla of evidence" in support of the non-moving party is insufficient; "there must be evidence on which the jury could reasonably find for the" non-movant. *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quotation omitted). In other words, "[t]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quotation omitted).

In determining whether a genuine issue of fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). The Court also construes any disputed facts in the light most favorable to the non-moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505. "The same standard of review applies when the court is faced with [a] cross-motion[ ] for summary judgment." *Lauria v. Heffernan*, 607 F.Supp.2d 403, 407 (E.D.N.Y. 2009) (quotation omitted). When evaluating cross-motions for summary judgment, the Court reviews each party's motion on its own merits and draws all reasonable inferences against the party whose motion is under consideration. *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001).

**B. Standard of Review – the Least Sophisticated Consumer**

In determining whether a communication violates the FDCPA, the Second Circuit applies the "least sophisticated consumer" standard (the "*LSC Standard*"). *Jacobson*., 516 F.3d at 90; *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 173 (2d Cir. 2015). The LSC Standard is designed to ensure that the FDCPA protects all consumers, "the gullible as well as the shrewd" (*Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)), as well as the "naïve and the credulous."

*Quinteros v. MBI Associates, Inc.*, 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (citing *Id.*). It is well-settled law that the LSC does not have "the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).

In ensuring that the gullible and naïve are protected by the FDCPA, the law stops short of making actionable every bizarre or idiosyncratic interpretation of debt collection letters. *Quinteros*, 999 F. Supp. 2d at 437 (quoting *Clomon*, 988 F.2d at 1320). That said, to ensure proper application of the LSC Standard, while the LSC is considered to be "neither irrational nor a dolt" (*Ellis*, 591 F.3d at 135; *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)) the Court is to be guided by the fact that the LSC possesses little more than "a rudimentary amount of information" about the world around her. *Quinteros*, 999 F.Supp.2d at 437 (quoting *Clomon*, 988 F.2d at 1320) and has been described as a person of "below average sophistication or intelligence." *Hillaire v. Delta Funding Corp*., No. 98-7188, 2002 WL 31123860, at *2 (E.D.N.Y. Sept. 26, 2002) (quoting *Peters v. General Service Bureau, Inc*., 277 F.3d 1051, 1055 (8th Cir. 2002)). Further, because the FDCPA is "primarily a consumer protection statute," its terms must be construed "in liberal fashion [to achieve] the underlying Congressional purpose." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016). The standard of care in crafting a collection letter is therefore fairly high, such that it may be clearly understood by the LSC. Indeed, the Second Circuit has instructed, because the FDCPA is "primarily a consumer protection statute ... we must construe its terms in liberal fashion [to achieve] the underlying Congressional purpose." *Avila*, 817 F.3d at 75 (citations omitted).

## II. A CONSUMER'S *PRIMA FACIE* CASE UNDER THE FDCPA

To establish a prima facie case under the FDCPA, a plaintiff must satisfy three (3) elements: (1) the plaintiff is a "consumer"; (2) the defendant is a "debt collector"; and (3) the

defendant has violated, by act or omission, a provision of the FDCPA. See generally *Suquilanda v. Cohen & Slamowitz, LLP*, No. 10-CV-5868 (PKC), 2011 WL 4344044, at *3 (S.D.N.Y. Sept. 8, 2011) citing *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 120 (2d Cir. 2011).

A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the . . . services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). A "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

**A. Plaintiff has Established the First Two Elements of His *Prima Facie* Case**

Plaintiff has established the first element of his *prima facie* case, insofar as it cannot be disputed that Plaintiff is a natural person obligated (or allegedly obligated) to pay a debt. It further cannot be disputed that the alleged debt was incurred for personal family or household purposes, insofar as Defendant admits that the alleged debt is related to medical treatment rendered to Plaintiff as an individual. Plaintiff has therefore established that he is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and that the alleged debt is a "debt" within the meaning of the FDCPA.

Plaintiff has similarly established the second element of his *prima facie* case, insofar as Defendant has admitted that it regularly collects or attempts to collect debts asserted to be owed to others; that it uses the mails in furtherance of that purpose; and that such activity is the principal

purpose of Defendant's business. Further, Defendant admits that it sent Plaintiff the Letter in an attempt to collect a debt owed to an entity other than Defendant. Accordingly, Defendant has admitted that it is a "debt collector" within the meaning of the FDCPA. *Sal-Bey v. Hunter Warfield, Inc.*, No. 19-CV-22165, 2019 WL 5423458, at *1 (S.D. Fla. Oct. 23, 2019) (identifying Defendant as a debt collector under the FDCPA); *Markosyan v. Hunter Warfield, Inc.*, No. CV 17-5400 DMG (JCX), 2018 WL 2718089, at *11 (C.D. Cal. May 11, 2018) (same); *Phillips v. Hunter Warfield, Inc.*, No. A-17-CV-939-SS, 2017 WL 8896189, at *3 (W.D. Tex. Nov. 17, 2017), *report and recommendation adopted*, No. AU-17-CA-00939-SS, 2018 WL 1899732 (W.D. Tex. Jan. 19, 2018) (same); *Friedrich v. Hunter Warfield, Inc.*, No. 1:12-CV-460, 2013 WL 4766188, at *2 (W.D. Mich. Sept. 4, 2013) (same); *Jenkins v. Hunter Warfield, Inc.*, No. 8:09-CV-2558-T-33TBM, 2011 WL 693571, at *1 (M.D. Fla. Feb. 2, 2011), *report and recommendation adopted*, No. 8:09-CV-2558-T-33TBM, 2011 WL 693568 (M.D. Fla. Feb. 18, 2011) (same)

In light of the foregoing, the only issue remaining is whether the Defendant violated any provision of the FDCPA, which is a question of law that may be determined by the Court on summary judgment. *Nicholson v. Forster & Garbus LLP*, No. 11-CV-524 (SJF)(WDW), 2013 WL 2237554, at *3 (E.D.N.Y. May 17, 2013) aff'd. 570 F.App'x 40 (2d Cir. 2014) (collecting cases). For the reasons that follow, the Court should find that Plaintiff has met his burden of showing that Defendant violated at least one of the applicable provisions of the FDCPA and, therefore, is entitled to judgment as a matter of law.

## III. THE LETTER FAILS TO IDENTIFY THE CREDITOR TO WHOM THE ALLEGED DEBT IS OWED

The Complaint in this case alleges that Defendant violated the FDCPA by using false, deceptive, and/or misleading representations means in connection with its attempt to collect the Alleged Debt from Plaintiff. More specifically, it is alleged that the Letter falsely represents the

"character, amount, or legal status of any debt," insofar as it identifies "Bergen Urological Assoc. PA" as the putative creditor. There can be no dispute that such statement is false and/or misleading, insofar as Defendant admits that the Alleged Debt relates to medical services proved by New Jersey Urology, LLC. Accordingly, there can be no dispute that Plaintiff is entitled to judgment as a matter of law.

### A. Defendant's Attempt to Collect a Debt not Owed is a *Per Se'* Violation of the FDCPA

While § 1692e sets forth sixteen (16) practices that are specifically prohibited, the list is non-exclusive, and Courts have repeatedly held that § 1692e shall be interpreted to bar any false representation or deceptive means to collect or attempt to collect any debt. *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18 CIV. 1781 (PGG), 2019 WL 5103885, at *19 (S.D.N.Y. Oct. 11, 2019) (citing § 1692e(5), § 1692e(10)).

It is beyond cavil that an attempt to collect a debt not owed violates the FDCPA. *Vangorden v. Second Round, Ltd. P'ship*, 897 F.3d 433, 442 (2d Cir. 2018). To be sure, the problem of debt collectors attempting to collect debts not owed was one of the justifications for the enactment of the FDCPA. *See* S. Rep. No. 95-382, at 4 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696. For this reason, "even a partial misstatement of a consumer's debt obligation can be misleading under the FDCPA." *Vangorden* 897 F.3d at 442. *See also Escobar v. Midland Credit Mgmt.*, No. 3:18-CV-819 (MPS), 2019 WL 3751486, at *7 (D. Conn. Aug. 8, 2019) ("the misstating of a debt obligation, especially the misstatement of the very existence of such an obligation, is no 'mere technical falsehood,' and may mislead the least sophisticated consumer"); *Raytman v. Jeffrey G. Lerman, P.C.*, No. 17 CIV. 9681 (KPF), 2018 WL 5113952, at *4 (S.D.N.Y. Oct. 19, 2018) (citing *Vangorden*, 897 F.3d at 442 (misstating debt obligation violates the FDCPA); *Sanchez v. Ehrlich*, No. 16-CV-8677 (LAP), 2018 WL 2084147, at *5 (S.D.N.Y. Mar.

29, 2018); *Wong v. Alternative Claims Mgmt., LLC*, No. 17 CIV. 3133 (ER), 2017 WL 5635533. *1 (S.D.N.Y. Nov. 22, 2017); *cf. Paracha v. MRS BPO, L.L.C.*, No. 18-CV-3892 (RRM)(SIL), 2019 WL 4736939, at *6 (E.D.N.Y. Sept. 27, 2019).

Here, there is no evidence in the record to show that "Bergen Urological Assoc. PA" is the creditor to whom the Alleged Debt is purportedly owed. To the contrary, Defendant admits that the Alleged Debt relates to medical services proved by New Jersey Urology, LLC. Insofar as Plaintiff avers that he does not know who or what Bergen Urological Assoc. PA is and/or its alleged connection to the debt purportedly owed, the Court must find that Defendant was seeking to collect a debt on behalf of an entity which has no rights to the Alleged Debt and, therefore, runs afoul of the FDCPA as a matter of fact and law.

## CONCLUSION

For all the reasons set forth herein, it is respectfully submitted that cause exists to grant Plaintiff's motion for summary judgment, together with such other and further relief as this Court deems just, equitable and proper.

Dated: Garden City, New York
May 4, 2020

Respectfully submitted,

BARSHAY SANDERS, PLLC

By: *s/ Jonathan M. Cader*

Jonathan M. Cader, Esquire
Craig B. Sanders, Esquire
David M. Barshay, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*