UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH LICHTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>BUREAU OF ACCOUNTS CONTROL, INC.,<br><br>Defendant. | Docket No. 1:19-cv-04476-ER |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1(a) IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff Joseph Lichter ("*Plaintiff*"), by and through his undersigned attorneys, hereby submits the following Statement of Undisputed Material Facts pursuant to Local Civil Rule 56.1(a) in support of his Motion for Summary Judgment against Defendant Bureau of Accounts Control, Inc. ("*Defendant*"), and avers as follows:

1. Plaintiff is an individual who is a citizen of the State of New York residing in Rockland County, New York. *Dkt. No.* 1 (Complaint) at ¶ 5.

2. At all times relevant to the Complaint herein, Defendant is a New Jersey corporation with a principal place of business in Monmouth County, New Jersey. *Complaint* at ¶ 8; Dkt. *No.* 8 (Answer) at ¶ 8.

1

3. Defendant regularly collects debts owed to others and attempts to collect debts owed to others. *See Defendant's Response to Plaintiff's Request for Admissions annexed to the accompanying Declaration of Jonathan M. Cader as Exhibit 1* ("DRFA") *at ¶¶* 6-7.

4. Defendant uses the mails in its attempts to collect debts owed to others. *DRFA* at ¶ 8.

5. The principal purpose of Defendant's business is the collection of debts owed to others. *DFRA* at ¶ 9.

6. Defendant alleges Plaintiff owes a debt (the "Alleged Debt"). *Complaint* at ¶ 25.

7. The Alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. *Complaint* at ¶ 26.

8. The alleged Debt does not arise from any business enterprise of Plaintiff. *Complaint* at ¶ 27.

9. The alleged Debt arises, if at all, from personal medical services rendered to Plaintiff at New Jersey Urology, LLC. *See Plaintiff's Response to Defendant's First Set of Interrogatories annexed to the accompanying Declaration of Jonathan M. Cader as Exhibit 2* ("PRFI") *at ¶¶* 2-4; *Answer* at ¶ 29.

10. At some time unknown to Plaintiff, the Alleged Debt was placed with Defendant for collection. *DRFA* at ¶ 11.

11. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default. *Complaint* at ¶ 31.

12. In its efforts to collect the Alleged Debt, Defendant sent Plaintiff a letter dated February 2, 2019. *Complaint* at ¶ 32; *Dkt. No.* 1-1; *DRFA* at ¶¶ 12-14.

13. The Letter conveyed information regarding the Alleged Debt. *Complaint* at ¶ 33; *Answer* at ¶ 33.

14. The Letter identifies "Bergen Urological Assoc., PA" as the creditor to whom the Alleged Debt is purportedly owed. *Complaint* at ¶ 35; *Answer* at ¶ 35; *Dkt. No.* 1-1.

15. Plaintiff did not owe the alleged Debt to Bergen Urological Assoc, PA at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection. *Complaint* at ¶ 36; *PRFI* at ¶¶ 2-4; *Answer* at ¶ 29.

16. Plaintiff did not owe the alleged Debt to Bergen Urological Assoc, PA at the time Defendant sent Plaintiff the Letter. *Complaint* at ¶ 37; *PRFI* at ¶¶ 2-4; *Answer* at ¶ 29.

17. Plaintiff did not owe the alleged Debt to Bergen Urological Assoc, PA at the time Plaintiff received the Letter. *Complaint* at ¶ 38; *PRFI* at ¶¶ 2-4; *Answer* at ¶ 29.

18. Plaintiff was never indebted to Bergen Urological Assoc, PA. *Complaint* at ¶ 39; *PRFI* at ¶¶ 2-4; *Answer* at ¶ 29.

19. Plaintiff did not owe any money to Bergen Urological Assoc, PA. *Complaint* at ¶ 40; *PRFI* at ¶¶ 2-4.

20. To the extent that the alleged Debt is owed at all, it is owed to New Jersey Urology, LLC. *PRFI* at ¶¶ 2-4; *Answer* at ¶ 29.

21. Plaintiff is a natural person allegedly obligated to pay a debt.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) "consumer" as defined by 15 U.S.C. § 1692a(3).

23. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

24. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

Dated: May 4, 2020

**BARSHAY SANDERS, PLLC**

*/s Jonathan M. Cader*
Jonathan M. Cader, Esquire
100 Garden City Plaza, Fifth Floor
Garden City, New York 11530
Telephone: (516) 203-7600
jcader@BarshaySanders.com
*Attorneys for Plaintiff*