UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH LICHTER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        -against-<br><br>BUREAU OF ACCOUNTS CONTROL, INC.,<br><br>        Defendant. | Docket No. 1:19-cv-04476-ER |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT AND IN FURTHER
<u>SUPPORT OF PLAINTIFF'S MOTION FOR SIMILAR RELIEF</u>**

Jonathan M. Cader, Esquire
Craig B. Sanders, Esquire
David M. Barshay, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES .......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

SUMMARY OF THE CASE ......................................................................................................... 2

ARGUMENT .................................................................................................................................. 6

   I.   STANDARDS OF REVIEW ............................................................................................ 6

      A.   Standard of Review – Summary Judgment ......................................................... 6

      B.   Standard of Review – the Least Sophisticated Consumer ................................... 6

      C.   A Consumer's *Prima Facie* Case Under The FDCPA ........................................ 6

   II.   THE LETTER VIOLATES THE FDCPA ........................................................................ 8

      A.   Defendant's Attempt to Collect a Debt not Owed is a *Per Se'* Violation
of the FDCPA ........................................................................................................... 8

   III.  DEFENDANT'S "PAST HISTORY" ARGUMENT MUST BE REJECTED .................. 9

CONCLUSION ............................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Cases**

*Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*,
  875 F.3d 128 (2d Cir. 2017) ............................................................................................. 11

*Clomon v. Jackson*,
  988 F.2d 1314 (2d Cir. 1993) ............................................................................................ 8

*Cobalt Multifamily Investors I, LLC v. Shapiro*,
  2009 WL 4408207 (S.D.N.Y. 2009).................................................................................. 10

*DeSantis v. Computer Credit, Inc.*,
  269 F.3d 1591 (2d Cir. 2001). .......................................................................................... 8

*Escobar v. Midland Credit Mgmt.*,
  No. 3:18-CV-819 (MPS), 2019 WL 3751486 (D. Conn. Aug. 8, 2019) .................................. 9

*Helman v. Bank of Am.*,
  685 F. App'x 723 (11th Cir. 2017).................................................................................. 9, 10

*Hess v. Cohen & Slamowitz, LLP*,
  637 F.3d 117 (2d Cir. 2011) .............................................................................................. 6

*Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*,
  No. 18 CIV. 1781 (PGG), 2019 WL 5103885 (S.D.N.Y. Oct. 11, 2019) .............................. 8

*Police Benev. Ass'n of the New York State Troopers, Inc. v. New York*,
  No. 1:11-CV-1526 MAD/CRH, 2013 WL 3450996 (N.D.N.Y. July 9, 2013) ...................... 10

*Raytman v. Jeffrey G. Lerman, P.C.*,
  No. 17 CIV. 9681 (KPF), 2018 WL 5113952 (S.D.N.Y. Oct. 19, 2018) .............................. 9

*Sanchez v. Ehrlich*,
  No. 16-CV-8677 (LAP), 2018 WL 2084147 (S.D.N.Y. Mar. 29, 2018).................................. 9

*Suquilanda v. Cohen & Slamowitz, LLP*,
  No. 10-CV-5868 (PKC), 2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011) .................................. 6

*Vangorden v. Second Round, Ltd. P'ship*,
  897 F.3d 433 (2d Cir. 2018........................................................................................ 3, 9, 11

*Wahl v. Midland Credit Mgmt., Inc.*,
  556 F.3d 643 (7th Cir. 2009) ........................................................................................ 9, 10

**Statutes**
15 U.S.C. § 1692 ............................................................................................................................ 2
15 U.S.C. § 1692e(10) ................................................................................................................... 8
15 U.S.C. § 1692e(5) ..................................................................................................................... 8

**Other Authorities**
S. Rep. No. 95-382 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696. .............................................. 9

Plaintiff Joseph Lichter ("*Plaintiff*") submits the instant memorandum in Opposition to Defendant the Cross-Motion for Summary Judgment filed by Bureau of Accounts Control, Inc. ("*Defendant*") and in further support of his motion for similar relief.

## **PRELIMINARY STATEMENT**

Defendant's Opposition and Cross-Motion for Summary Judgment should be rejected by the Court for a variety of reasons, not the least of which are that it is procedurally and legally defective.

Defendant's Opposition is procedurally defective insofar as its Rule 56.1(b) response does not comply with Rule 2.C.i of Your Honor's individual rules of practice, insofar as it does not parrot the statements to which it responds.  The Court should not excuse this defect insofar as it is not merely procedural. To the contrary, it places an undue burden on both the Court and Plaintiff to discern Defendant's positions.  Defendant's Rule 56.1(b) response is also defective to the extent that it refers to a document which is not annexed[1] and, further, refers to other exhibits generically, rather than specifically.  To this end, Defendant's Rule 56.1(b) response fails because it does not cite to evidence in admissible form (and, again, places the burden on Plaintiff and the Court to parse through the referenced documents and venture their own guesses at the portions of each exhibit upon which Defendant purports to rely).  The opposition is further deficient to the extent that it relies on the declaration of counsel for the purpose of asking this Court to treat a critical admission in Defendant's Answer as a denial—without seeking any such formal relief from the Court.

The portion of Defendant's brief which constitutes its cross-motion fares no better.  That is because the cross-motion relies almost entirely on the declaration of an individual who has not

---

[1] That being Defendant's answers to Plaintiff's interrogatories (*see Dkt. No.* 20-1 *at* ¶¶ 9, 15-20).

1

identified herself to this Court and does not explain her affiliation—if any—to any party in this action. In other words, the declaration lacks any foundation for the Court to accept the averments set forth therein. More importantly, however, is the fact that even if Defendant had laid a foundation for the subject declaration, the statements contained therein are flatly contradicted by the very documents upon which it (and Defendant) relies.

For all these reasons, as well as those set forth herein, the Court should find that Defendant's motion for summary judgment should be denied, and Plaintiff's motion for similar relief should be granted.

## SUMMARY OF THE CASE

Plaintiff filed this action following his receipt of a letter from Defendant dated February 2, 2019, through which Defendant was attempting to collect a debt allegedly owed for personal medical treatment Plaintiff received at New Jersey Urology, LLC ("*Urology*"). Although Plaintiff received treatment at Urology, Defendant's letter identifies "Bergen Urological Assoc. PA" ("*Bergen*") as the creditor to whom the alleged debt is purportedly owed.

As a result, this action alleges that Defendant's letter violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) (the "*FDCPA*") because the alleged debt was owed—if at all—to Urology, not to Bergen, and it is a violation of the FDCPA for a debt collector to attempt to collect a debt that is not owed.

In opposing Plaintiff's motion and seeking inverse relief, Defendant advances two arguments. First, Defendant argues that Plaintiff purportedly did not dispute the alleged debt at any time prior to filing this action. Second, Defendant argues that Plaintiff signed a document which purportedly acknowledges the existence of an obligation to Bergen. Based upon these arguments, Defendant avers that Plaintiff's motion for summary judgment should be denied, and

its cross-motion for similar relief should be granted.  Unfortunately for Defendant, each of its arguments are legally misguided or factually unsupported, if not both.

As to the first point, the Second Circuit has expressly held that a consumer need not dispute an alleged debt as a condition precedent to filing suit under the FDCPA[2].  Even if the Second Circuit did find such a requirement—which it did not—the "account notes" on which Defendant relies show that Plaintiff did, in fact, dispute the alleged debt prior to filing this action[3].   As to the second point, and critically, these same "account notes" show that Defendant returned the account to its client after investigating the allegedly non-existent dispute, with instruction that the client close the account be closed because Plaintiff  "should not have been liable" for any charges associated therewith.  *Id.*

In light of the foregoing, Defendant's motion must be denied (and Plaintiff's motion be granted), insofar as the evidence provided by Defendant show that the alleged debt was not owed at all.  Accordingly, even if Defendant had provided evidence of a relationship between Bergen and Urology—which it has not—it would not change the outcome of this case.  Instead, the singularly dispositive fact is Defendant's return of the file to its client on the grounds that Plaintiff should not have been billed at all and was not liable for the alleged debt[4].  Insofar as it is beyond cavil the attempt to collect a debt admittedly not owed is a violation of the FDCPA *per se',* there are no questions of fact which should preclude grant of Plaintiff's motion and denial of Defendant's cross-motion.

---

[2]     *Vangorden v. Second Round, Ltd. P'ship*, 897 F.3d 433, 439 (2d Cir. 2018).
[3]     *Dkt. No.* 20-9.
[4]     *Dkt. No.* 20-9.

## STATEMENT OF FACTS

The facts supporting Plaintiff's motion are set forth in Plaintiff's Statement of Undisputed Material Facts ("*PSUF*") (*Dkt. No.* 19) and were restated in Plaintiff's moving brief (*Dkt. No.* 18), and, for the sake of judicial economy, are incorporated herein by reference.  To this end, the instant statement serves only to respond to Defendant's opposition.

In its cross-motion, Defendant begins with the contention that "[t]he debt that is the subject of plaintiff's complaint was placed in collection by [Bergen] to [Defendant]" and that Defendant "sent an initial notice to the plaintiff pertaining to the [alleged] debt dated December 28, 2018." *Dkt. No.* 20-2 at p. 3.  Neither of these facts are relevant to the instant motion insofar as the identity of Defendant's client is irrelevant to the question of whether Defendant attempted to collect a debt that is not owed.  Further, insofar as Plaintiff does not complain of a letter dated December 28, 2018, it does not matter that Defendant has failed to lay a foundation as to the existence of this purported letter.

Defendant next admits that it sent the letter which is the subject of this action to Plaintiff on February 8, 2018 [sic.], which similarly advised of a debt allegedly owed to Bergen.  *Id.* Defendant then argues, "[o]nce again, plaintiff never responded to the letter or advised [Defendant] that he did not believe he owed the debt to [Bergen]." *Id.*  This statement is demonstrably false, insofar as the account notes relied upon by Defendant reflect an entry which reads as follows:

> "2-12-2019 @ 08:58 by LG – CB/LM ON VM- I CALLED WIFE WENT ON AND ON AVOUT CL FILING WRNG DIAGNOSTIC CODES AND SHE GETS NO COOPERATION FROM CL- SHE IS STARTING LEGAL PROCEDURE- THEY HAD INS AND THEY HAD NO RIGHT TO PUT THEM IN COLLECTIONS- ASDVISED TO DISPUTE IN WRITING"

*Dkt. No.* 20-9.  The foregoing note lodging the dispute is dated February 12, 2019, approximately ten (10) days after the Letter was sent to Plaintiff.  Critically, however, the next entry in Defendant's account notes reads as follows:

4

"02-18-2019 @ 13:22 by PS – PER JUDY CAW MSSG: '**Please cancel this account** as a corrected claim needed to be sent to the ins. co. in a timely manner and our follow up team failed to do so therefore the balance will be written off as **the patient should not have been liable for it**.' I CNCLD AND NAV TO CC20 TO CHARGE FEE"

*Dkt. No.* 20-9 (emphases added).

Next, Defendant posits that "[w]hen Mr. Lichter was asked in discovery why he believed the debt was owed to [Urology, rather than Bergen], he objected claiming that the question was overbroad." *Dkt. No.* 20-2 at p. 4. Defendant's point is misgiven for at least two reasons. First, Defendant misquotes the cited Interrogatory, to make it seem more narrow than it was. Indeed, the cited Interrogatory also asked Plaintiff to describe the nature and dates of medical services provided by Urology. *Dkt. No.* 20-4 at No. 15. Second, Defendant did not object to this response during discovery and should not be heard to complain about it now. To the extent that any qualification is needed, however, the accompanying Declaration of Joseph Lichter clearly states that Plaintiff never went to a facility identified as Bergen Urological Associates, PA and never received any services from Bergen Urological Associates, PA. *See Declaration of Joseph Lichter dated July 10, 2020, filed herewith.* The only treatment Plaintiff received was from Urology. *Id.*

Finally, in an attempt to further its point, Defendant avers that "plaintiff … is not in control of any documents referencing [Urology] and does not possess any invoices or medical bills from [Urology] relating to the services on the date(s) rendered." *Dkt. No.* 20-2 at p. 4. Defendant's argument in this regard essentially asks Plaintiff to prove a negative. Indeed, as was noted above, Defendant's own account notes indicate that Plaintiff had insurance and should never have been billed for the underlying services. *Dkt. No.* 20-9. This would explain why Plaintiff is not in possession of any invoices or medical bills—because there were none. In sum, the only evidence before the Court conclusively establishes that Defendant attempted to collect a debt that Plaintiff does not owe. Therefore, Plaintiff is entitled to summary judgment.

**ARGUMENT**

I. **STANDARDS OF REVIEW**

In evaluating the parties' competing motions for summary judgment, the Court is to be guided by three principles. In no order of significance, they are: (i) the rules governing the applicability of the "least sophisticated consumer" standard; (ii) those applicable to summary judgment motions in general; and (iii) those applicable to stating a claim under the FDCPA.

A. **Standard of Review – Summary Judgment**

The standard of review applicable to a motion for summary judgment was set forth at length in Plaintiff's opening brief. Insofar as the standard cited by Defendant in is opposing and cross-moving brief is not materially different, Plaintiff relies on the standard of review set forth in his opening brief and incorporates same herein by reference.

B. **Standard of Review – the Least Sophisticated Consumer**

As with the above, the standard of review applicable to the "least sophisticated consumer" standard (the "*LSC Standard*") was set forth at length in Plaintiff's opening brief. Insofar as Defendant's opposing and cross-moving brief acknowledges (as it must) that the claims herein are to be governed by the LSC Standard, Plaintiff incorporates the legal discussion set forth in his opening brief by reference, rather than by repetition.

C. **A Consumer's *Prima Facie* Case Under The FDCPA**

To establish a *prima facie* case under the FDCPA, a plaintiff must satisfy only three (3) elements, *to wit*: (1) the plaintiff is a "consumer"; (2) the defendant is a "debt collector"; and (3) the defendant has violated, by act or omission, a provision of the FDCPA. See generally *Suquilanda v. Cohen & Slamowitz, LLP*, No. 10-CV-5868 (PKC), 2011 WL 4344044, at *3 (S.D.N.Y. Sept. 8, 2011) citing *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 120 (2d Cir. 2011).

A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any

debt." 15 U.S.C. § 1692a(3). A "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the . . . services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

In this case, Defendant's Rule 56.1(b) response does not dispute the fact that Plaintiff is a natural person. *Dkt. No.* 20-1 at ¶ 1. Defendant admits that the alleged debt arises—if at all—from a transaction that was primarily for personal, family or household purposes, and does not arise from any business enterprise of Plaintiff. *Id.* at ¶¶ 7-8. Accordingly, it is not disputed that Plaintiff is a "consumer" and that the alleged debt—to the extent it exists at all—is a "debt" within the meaning(s) of the FDCPA.

A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). A "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

As with the above, Defendant's Rule 56.1(b) does not dispute the contention that it is regularly engaged in the collection of debts allegedly owed to others; that it uses the mails in furtherance of those efforts; and that the collection of third-party debts is the principal purpose of its business. *Dkt. No.* 20-1 at ¶¶ 3-5. Accordingly, it cannot be disputed that Defendant is a debt collector within the meaning of the FDCPA.

Defendant similarly admits that it sent the Letter in an effort to collect the Alleged Debt, and that the Letter conveyed information regarding the Alleged Debt. *Id.* at ¶¶ 12-13. Therefore, it cannot be disputed that the Letter is a communication within the meaning of the FDCPA.

In light of the above, the only question before the Court is whether Defendant violated the FDCPA by sending the Letter, regardless of whether such violation occurred as a result of an act or omission. For the reasons set forth herein, the Court should find that it did.

## II. THE LETTER VIOLATES THE FDCPA

The Complaint in this case alleges that Defendant violated the FDCPA by using false, deceptive, and/or misleading representations means in connection with its attempt to collect the Alleged Debt from Plaintiff by, *inter alia,* falsely representing the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Under the LSC Standard, a collection letter violates the FDCPA "if [it is] open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

Here, it is alleged that the Letter violates the FDCPA insofar as it claims that Plaintiff owes a debt to Bergen. *Dkt. No.* 1-1. The undisputed evidence before the Court now shows, however, that Plaintiff did not owe a debt to Bergen *or* to Urology. This is the only fact needed to resolve the instant motions.

### A. Defendant's Attempt to Collect a Debt not Owed is a *Per Se'* Violation of the FDCPA

While § 1692e sets forth sixteen (16) practices that are specifically prohibited, the list is non-exclusive, and Courts have repeatedly held that § 1692e shall be interpreted to bar <u>any</u> false representation or deceptive means to collect or attempt to collect any debt. *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18 CIV. 1781 (PGG), 2019 WL 5103885, at *19 (S.D.N.Y. Oct. 11, 2019) (citing § 1692e(5), § 1692e(10)).

8

It is beyond cavil that an attempt to collect a debt not owed violates the FDCPA. *Vangorden*, 897 F.3d at 442.  To be sure, the problem of debt collectors attempting to collect debts not owed was one of the justifications for the enactment of the FDCPA.  *See* S. Rep. No. 95-382, at 4 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696.  For this reason, "even a partial misstatement of a consumer's debt obligation can be misleading under the FDCPA." *Vangorden* 897 F.3d at 442.  *See also Escobar v. Midland Credit Mgmt.*, No. 3:18-CV-819 (MPS), 2019 WL 3751486, at *7 (D. Conn. Aug. 8, 2019) ("the misstating of a debt obligation, ***especially the misstatement of the very existence of such an obligation***, is no 'mere technical falsehood,' and may mislead the least sophisticated consumer") (emphasis added);  *Raytman v. Jeffrey G. Lerman, P.C.*, No. 17 CIV. 9681 (KPF), 2018 WL 5113952, at *4 (S.D.N.Y. Oct. 19, 2018) (citing *Vangorden*, 897 F.3d at 442 (misstating debt obligation violates the FDCPA); *Sanchez v. Ehrlich*, No. 16-CV-8677 (LAP), 2018 WL 2084147, at *5 (S.D.N.Y. Mar. 29, 2018); *Wong v. Alternative Claims Mgmt., LLC*, No. 17 CIV. 3133 (ER), 2017 WL 5635533. *1 (S.D.N.Y. Nov. 22, 2017); *cf. Paracha v. MRS BPO, L.L.C.*, No. 18-CV-3892 (RRM)(SIL), 2019 WL 4736939, at *6 (E.D.N.Y. Sept. 27, 2019).

Defendant's Opposition does not mention—let alone address any of the foregoing cases.  Instead, Defendant's Opposition maintains that both the amount of the debt and the identity of the putative creditor were correct.  Insofar as Defendant ignores its own evidence showing that no debt was in fact owed, it necessarily follows that both the amount and the identity of the putative creditor were necessarily incorrect, and Plaintiff is entitled to summary judgment.

### III. DEFENDANT'S "PAST HISTORY" ARGUMENT MUST BE REJECTED

In cross-moving for summary judgment, Defendant argues that its Letter "clearly identifies Bergen as the creditor to whom the Alleged Debt is owed" insofar as the Letter identifies only two entities, *to wit,* Defendant as a debt collector and Bergen as the putative creditor.  *Dkt. No.* 20-2 at

9

p. 6.  To this end, Defendant argues that its Letter does not violate the FDCPA because "the LSC does not read a debt collection letter in complete isolation from her financial history."  *Id.* (citing *Helman v. Bank of Am.*, 685 F. App'x 723, 728 (11th Cir. 2017) and *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009)).

Defendant's reliance on *Helman* and *Wahl* should be rejected for a variety of reasons—not the least of which is that such decisions are not binding on this Court.  *Police Benev. Ass'n of the New York State Troopers, Inc. v. New York*, No. 1:11-CV-1526 MAD/CRH, 2013 WL 3450996, at *3 (N.D.N.Y. July 9, 2013) ("Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts") (citing *Cobalt Multifamily Investors I, LLC v. Shapiro*, 2009 WL 4408207, at *2 (S.D.N.Y. 2009) (citation omitted)).

Even though *Helman* and *Wahl* are not binding on this Court, these decisions should still not be found to be persuasive for the reasons advanced by Defendant.  For example, in *Helman,* the issue before the Court was whether Bank of America violated the FDCPA by sending the consumer monthly statements with respect to a mortgage loan after the consumer had received a discharge of debts in bankruptcy.  Further, the Court found that the FDCPA did not apply to Bank of America, insofar as it was not a "debt collector" within the meaning of the FDCPA insofar as it was collecting a debt—if at all—on its own behalf.  To this end, any further discussion in *Helman* is nothing more than dicta, and simply does not support the argument made by Defendant.

Defendant's reliance on *Wahl* is equally curious, to the extent that the consumer in *Wahl* argued that a letter violated the FDCPA by describing a debt which included amounts for principal, interest, and other charges as being the "principal balance," rather than breaking it down into its component elements.  For reasons not necessary to the Court's analysis of this case, the *Wahl*

10

Court held that there was no violation because the debt collector was not the original creditor and, therefore, the it was not false, deceptive or misleading for the debt collector to have described the amount that *it* was seeking to collect as a "principal" balance.  As with *Helman*, the reason for which Defendant cites *Wahl* is simply dicta.

Finally, as with the above, Defendant's opposition and cross-motion ignores its own evidence showing that the Alleged Debt was not owed at all—neither to Bergen nor to Urology. To the extent that Defendant's papers attempt to argue otherwise, they border on the frivolous. Moreover, Defendant's brief does not discuss the cases cited *supra,* which were also cited in Plaintiff's opening brief, which establish that the attempt to collect a debt not owed is one of the most plain violations of the FDCPA and a primary purpose for the Act's enactment.

In light of the foregoing, Defendant's "past history" argument—to the extent it should be considered at all—weighs against *it*, rather than against Plaintiff.  That is because the accompanying Declaration of Joseph Lichter clearly states that Plaintiff never went to a facility identified as Bergen Urological Associates, PA and never received any services from Bergen Urological Associates, PA.  *See Declaration of Joseph Lichter dated July 10, 2020, filed herewith.* The only treatment Plaintiff received was from Urology.  *Id.*  Moreover, the documents relied upon by Defendant establish that Plaintiff should never have been billed for any debt by either entity. *Dkt. No.* 20-9.  This would explain why Plaintiff does not have any documents evincing a debt allegedly owed to Urology, as opposed to Bergen—there are none—because there was no alleged debt.

The Second Circuit has repeatedly held that the FDCPA imposes a strict liability standard. See, e.g., *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 134 (2d Cir. 2017). Therefore, the attempt to collect a debt not owed is not dependent on Defendant's subjective belief.

11

That is particularly so insofar as the Second Circuit in *Vangorden* held that a debt collector is not relieved of liability for seeking to collect a debt which was not owed when it merely relied on representations of its client to the contrary.

## **CONCLUSION**

For all the reasons set forth herein, it is respectfully submitted that cause exists to deny Defendant's motion for summary judgment and grant Plaintiff's motion for similar relief, together with such other and further relief as this Court deems just, equitable and proper.

Dated: Garden City, New York
       July 10, 2020

                                            Respectfully submitted,

                                            BARSHAY SANDERS, PLLC

                                            By:     *s/ Jonathan M. Cader*
                                            Jonathan M. Cader, Esquire
                                            Craig B. Sanders, Esquire
                                            David M. Barshay, Esquire
                                            100 Garden City Plaza, Suite 500
                                            Garden City, New York 11530
                                            Tel: (516) 203-7600
                                            Fax: (516) 706-5055
                                            *Attorneys for Plaintiff*