UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH LICHTER, individually and on    Docket No. 1:19-cv-04476
behalf of all others similarly situated
                     Plaintiff,
    vs.
BUREAU OF ACCOUNTS CONTROL,
INC.
                 Defendant.

---

REPLY BRIEF IN SUPPORT OF DEFENDANT BUREAU OF ACCOUNTS CONTROL,
INC. NOTICE OF CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Law Offices of Peter Cipparulo, III,  LLC
349 Route 206, Suite K
Hillsborough, NJ 08844
(908) 275-8777
Attorney for Defendant

Peter Cipparulo, III
On the brief

## **TABLE OF CONTENTS**

PRLIMINARY STATEMENT…………………………………………………….………1

LEGAL ARGUMENT……………………………………………………………….…...3

A.  Plaintiff is familiar with P. Susan Perrotty…………………………………………..3

B. The Scrivener's Error Regarding Answer to Paragraph 29 is Irrelevant ……………3

C.  The Documents Under the Letterhead Bergen Urological Associates, PA are admissible………………………………………………………………………………..4

D. Mr. Lichter incurred a debt with Bergen Urological Associates………………………5

CONCLUSION………………………………………………………………………...8

## TABLE OF AUTHORITIES

Al–Mohammedi v. City of Buffalo, No. 13-CV-1020, 2016 WL 1748264, at *3 (W.D.N.Y. Mar. 292016)……………………………………………………………………….………..6

Cloman v. Johnson,988 F.2d 1314, 1318 (2nd. Cir 2010)…………………………….………8

Kroelnicki v. Siegel, 290 F.3d 118, 127 (2nd. Cir 2002)…………………………….…………7

Parsons v. Honeywell, Inc., 929 F.2d 901, 908 (2d Cir. 1991) )………………….………….6

Realuyo v. Diaz, 2006 WL 695683 (S.D.N.Y.)……………………………………….…………5

Stonehart v. Rosenthal, 2001 WL 910771 (S.D.N.Y.)……………………………….………..7

U.S. v. Alvarez-Porras, 643 F. 2d 54 (2nd Cir. 1981)……………………………….…………5

Vangorden v. Second Round, Limited 897 F. 3d 433  (2nd. Cir. 2018)…………….………6

**Rules**

Federal Rule of Civil Procedure 15(A)(2)……………………………………………….………4

Federal Rule of Evidence 803(6) …………………………………………………………………4

Federal Rule of Evidence Rule 801(d)(2)(A)(B)……………………………………….………..5

PRELIMINARY STATEMENT

Defendant has filed a cross-motion for summary judgment based on plaintiff's allegations that defendant violated the Fair Debt Collection Practices Act ("FDCPA"). This legal memorandum is submitted in reply to plaintiff's opposition.   The crux of the plaintiff's allegations is that plaintiff believes he owed a debt to New Jersey Urology, LLC for a service received on August 3, 2016.   Defendant Bureau of Accounts Control, Inc. attempted to collect a debt from plaintiff for a service rendered by Bergen Urological Associates, PA.   Plaintiff asserts that since he believes that he owed the debt to New Jersey Urology, LLC that BAC violated the FDCPA by collecting on behalf of the wrong creditor.  Plaintiff appears to now attempted to shift his theory by claiming that since he owed no debt to anyone, there is a violation of the FDCPA.  However, the uncontroverted facts show that defendant fully complied with the FDPCA and that the purposes of the FDCPA were fulfilled during the collection.

Plaintiff provides no basis for his belief and no documentation showing that he incurred a debt with New Jersey, LLC.   He fails to provide a doctor's note that he was at New Jersey Urology, LLC or any billing from New Jersey Urology, LLC.   The only evidence the plaintiff provides is his conclusory declaration that he did receive treatment with New Jersey Urological Associates, PA.   Since the matter was sent to collections, which plaintiff does not dispute, plaintiff provides no explanation as to why he did not produce any billing documentation.

In fact, the undisputed facts reveal that he incurred the debt with Bergen Urological Associates, PA.   The undisputed facts show that Bergen Urological Associates placed the debt to defendant for collection.  This is confirmed through defendant's collection

notes.  The undisputed facts show that BAC sent to collection notices to plaintiff dated December 28, 2017 and February 8, 2018 advising that he owed a debt to Bergen Urological Associates, PA.  The undisputed facts further show that plaintiff signed two documents, dated August 3, 2016, the date of service for which defendant collected for Bergen Urological Associates, PA.  One document is under the letterhead of Bergen Urological Associates, PA and is entitled "Financial Policy".  Mr. Lichter admitted that he signed that document.  The other documents concern Bergen Urological Associates PA's policy regarding types of insurance payments.  Once again, Mr. Lichter admits to signing this document.

Simply stated, there is no evidence that plaintiff incurred a debt to New Jersey Urology, LLC.  Plaintiff, in his opposition, raises false issues in an attempt to divert the Court from very simple proofs showing that the plaintiff incurred a debt with Bergen Urological Associates.  These issues are as followings:

1. that plaintiff does not know the identity of,  P. Susan Perrotty, who signed a declaration in support of the moving papers:

2. The scrivener's error regarding the Answer to paragraph 29 is relevant;

3.  That the documents signed by Mr. Lichter should not considered by the Court as they should not be considered business records under Federal Rule of Evidence 803(6); and

4. that the recalling of the debt by the underlying creditor Bergen Urology Associates, even assuming that is admissible, is relevant.

Bureau of Accounts Control, Inc.  will address, each of these arguments, in these papers.

## ARGUMENT

### I.  Plaintiff is familiar with P. Susan Perroty

In defendant's moving papers, it submitted a declaration by P. Susan Perrotty.  In defendant's answer to Interrogatory No. 25, it identified Ms. Perrotty as the owner of BAC, Services, Inc. (See Exhibit J).   In addition, defendant submits a supplemental declaration by Ms. Perrotty identifying her as the sole shareholder of Bureau of Account's Control, Inc.  and that as owner she is fully familiar with and implemented its business practices (See Exhibit K).   Therefore, the foundational basis for Ms. Perrotty's declarations is provided.

### II.  The Scrivener's Error Regarding Answer to Paragraph 29 is Irrelevant

1.    As originally set forth in Cipparulo declaration, attached, as Exhibit A to the moving papers, plaintiff was well aware that Defendant denied that plaintiff owed a debt to New Jersey Urology and, thus, has not been prejudiced.  The issue was addressed in discovery and in defendant's discovery responses.  This is further true because in the very same Answer, defendant denied the plaintiff did not owe the debt to Bergen Urological Associates.  Further, plaintiff was specifically asked if defendant made any admissions that plaintiff would rely on in support of its case and plaintiff denied any such admissions.

Further under Federal Rule of Civil Procedure 15(a)(2), "an amendment to a pleading may be made with the opposing party's consent[1] or the Court's leave. **The court should freely give leave when justice so requires."** Rule 15 of the Federal Rules of

---

[1] At time of preparation of this legal memorandum, plaintiff has not advised if he would consent to amendment.

Civil Procedure provides that leave to amend the pleadings should be "freely give[n] ... when justice so requires." Fed.R.Civ.P. **15(a)(2)**. "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.1993).   Defendant will move immediately to amend its pleading, and as demonstrated, no prejudice has been incurred by plaintiff.


### III.  The Documents Under the Letterhead Bergen Urological Associates, PA are admissible.

Plaintiff suggests that the two documents attached as Exhibit H under the letterhead of Bergen Urology Associates, PA are inadmissible as Business Records under Evidence Rule 803(6).   However, the documents are offered under Evidence Rule 801(d)(2)(A)(B).  Under that Evidence Rule, an opposing Party's Statement is not hearsay if it is offered against the opposing party if that statement was made either as (A) by the party in an individual or representative capacity or (B) is one the party manifested or believed to be true.

In reviewing the document "Financial Policy" under the letterhead Bergen Urological Associates, the document states "We are committed to providing you with the best possible care" and further advises in Bold and Capital Letters "**ANY PATIENT THAT DOES NOT KEEP AN APPOINTMENT OR CANCELS WITHOUT 24 HOURS NOTICE WILL BE CHARGED A FEE OF $50.**  In the Second Document it is once again stated that "Bergen Urological Associates is committed to making your experience with us as comfortable as possible."  The letter further advises the "We have been

4

advised by your insurance provider that reimbursement for services provided by our office may be sent to you rather than Bergen Urological Associates." It also states that in that case the check should be signed over to "**FOR PAYMENT TO BERGEN UROLOGICAL ASSOCIATES FOR SERVICES RENDERED".** This all demonstrates conclusively that the services were provided by Bergen Urological Associates, PA and not New Jersey Urology, LLC. Plaintiff freely admits to signing the documents. His declaration provides no explanation as to why he signed these documents if he believed his services were from New Jersey Urological, LLC.

Unquestionably, these documents fall under Evidence Rule 801(d)(2)(A)(B). As stated in Realuyo v. Diaz, 2006 WL 695683 (S.D.N.Y.), a statement is not hearsay if it is offered against the party making the statement and is the party's own statement. Id at. *5. In U.S. v. Alvarez-Porras, 643 F. 2d 54 (2nd Cir. 1981), the Court held out of court statements are admissible against party-opponents offered against a party as an admission. Id. at 56-57. As such, the documents demonstrate that Mr. Lichter occurred services by Bergen Urological Associates.

**IV. Mr. Lichter incurred a debt with Bergen Urological Associates**

Plaintiff places great reliance on the collection account notes attached to defendant's moving papers as Exhibit G. In particular, plaintiff references a note dated 2/18/19 regarding a call from Bergen Urological Associates that states "Please cancel this account as a corrected claim needed to be sent to the ins. co. in a timely manner and our follow up team failed to so therefore the balance will be written off as the patient should not have been liable for it." Plaintiff also claims that the collection notes

indicate plaintiff disputed the account prior to suit being filed.[2]  First, this Court should not consider any statements in the Collection notes as admissible.  While the Collection Notes are admissible through the Business Record Exception under Evidence Rule 803(6), the statements contained in those notes are inadmissible hearsay.    "[S]tatements of witnesses or complaints within [the] reports ... are **hearsay** unless they fit into an independent exception to the **hearsay** rule." Al–Mohammedi v. City of Buffalo, No. 13-CV-1020, 2016 WL 1748264, at *3 (W.D.N.Y. Mar. 29, 2016) (citing Parsons v. Honeywell, Inc., 929 F.2d 901, 908 (2d Cir. 1991) ), *report and recommendation adopted sub nom.* Al–Mohammedi v. City of Buffalo, No. 13-CV-01020, 2017 WL 163388 (W.D.N.Y. Jan. 17, 2017).

Thus, this Court should not consider any of the Statements in the Collection Account Notes and end its inquiry there.  However, even if the Court was to consider to those statements, it is of no consequence.  Plaintiff in reliance of those statements has now shifted his theory from he incurred a debt with New Jersey Urology, LLC instead of Bergen Urological Associates, PA to plaintiff did not incur any debt with Bergen Urological Associates, PA and, thus, he was sent an improper collection letter under the FDCPA.

Plaintiff primarily relies on Vangorden v. Second Round, Limited 897 F. 3d 433 (2nd Cir. 20180 to support this new evolving argument.  However, in Vangorden, supra, the debt collector sent a collection letter on an account that plaintiff had settled with the underlying creditor five years earlier!  Id. at 437.  In that case, the defendant made the argument that plaintiff had no right to file suit because it did not dispute the debt.  Id. at

---

[2] The notes reference that plaintiff's wife inquired about the debt not the plaintiff.

440.  This is not the argument defendant is making.  Defendant is simply asserting, in

context of the overall history of the debt, that plaintiff himself never disputed the debt not

that forecloses his ability from filing suit under the FDPA.   Under the plaintiff's new

theory any time a debt collector sent out a notice that a dispute was verified as correct

would mean a violation of the FDCPA.  This illogical conclusion, obviously, is not stated

in Vangorden.   As held in Stonehart v. Rosenthal, 2001 WL 910771 (S.D.N.Y., Judge

Scheindin), "A debt collector must be able to rely on representations from his client as to

the amount of the debt.  The FDCPA doe not require debt collectors to conduct

independent investigations of the information provided by clients when collecting a

debt."  Id. at *4.

     Thus, here it is undisputed that defendant received a collection account from

Bergen Urological Associates.  Plaintiff, although, claiming he did not receive those

services from Bergen Urological Associates, PA can point to no evidence that he did not

receive those services from Bergen Urological Associates, PA.  He does not produce an

invoice, an insurance Explanation of Benefits, a doctor's note, an appointment note, a

letter or anything from New Jersey Urology, LLC.  Defendant properly collected on the

account it received from Bergen Urology Associates.

     As stated in Kroelnicki v. Siegel, 290 F.3d 118, 127 (2nd. Cir. 2002), "the

legislative history of the passage of the **FDCPA** explains that the need for

the **FDCPA** arose because of collection abuses such as use of "obscene or profane

language, threats of violence, telephone calls at unreasonable hours, misrepresentation

of a consumer's legal rights, disclosing a consumer's personal affairs to friends,

7

neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors. To effectuate this purpose, we review claims of FDCPA violations under the so-called least-sophisticated-consumer standard in order to: "(1) ensure[ ] the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protect[ ] debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." Clomon v. Jackson, 988 F.2d 1314, 1320 (2d Cir.1993).  Here, the FDCPA's concerns are not implicated. As such, plaintiff's motion for summary judgment must be denied and defendant's motion for summary judgment granted.


## CONCLUSION

Based on the foregoing, it is respectfully requested that this Court should grant defendant's cross-motion for summary judgment and deny plaintiff's motion for summary judgment.

LAW OFFICES OF PETER CIPPARULO, III, LLC


PETER CIPPARULO, III
349 Route 206, Suite K
Hillsborough, NJ 08844
(908) 275-8777
Attorney for Defendant

Dated:  July 23, 2020