UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH LICHTER, individually and on behalf of all others similarly situated,

Plaintiff,

– against –

BUREAU OF ACCOUNTS CONTROL, INC.,

Defendant.

**AMENDED**

**OPINION & ORDER**

19 Civ. 04476 (ER)

Ramos, D.J.:

On March 17, 2021, summary judgment in this action was entered in favor of Joseph Lichter. Doc. 43. Lichter now moves for statutory damages and attorney's fees and costs. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with its prior opinion in this matter, Doc. 43, and restates only the background necessary to resolve the instant motion.

On May 16, 2019, Lichter commenced this action against Bureau of Accounts Control, Inc. ("BAC"), a debt collection agency, alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). *See* Complaint, Doc. 1. Following discovery, the parties filed cross motions for summary judgment. Docs. 16, 20. Statements contained in BAC's own business records, which it originally introduced as part of its cross motion, established that Lichter did not owe a debt to Bergen Urological and thus that BAC's actions in attempting to collect such a debt were in violation of the FDCPA. Doc. 43 at 13, 15. After introducing the business records, BAC then argued for the first time in its reply brief that while the business records themselves were admissible, the statements contained within the records

were inadmissible as hearsay. Doc. 43 at 13. Because BAC waived any objections to admissibility of the business records by offering them itself, the statements therein were considered and found to support a finding of liability under the FDCPA. Doc. 43 at 13-15. On March 17, 2021, the Court granted Lichter's motion for summary judgment, finding that the undisputed facts established that he did not owe a debt to Bergen Urological, and thus concluding that BAC violated the FDCPA when it mailed him a letter seeking to collect the alleged debt. Doc. 43 at 17.

On April 16, 2021 the Court held a status conference at which it addressed BAC's anticipated motion for reconsideration of the summary judgment opinion. Doc. 49. On July 8, 2021, the Court entered an Order holding that for reasons stated on the record at the April 16, 2021 conference, BAC's motion for reconsideration was deemed made and was denied. Doc. 49. At that conference, the parties also agreed to meet and confer to discuss a potential agreement regarding damages and attorneys' fees. Doc. 49. The Court instructed the parties to file a status report regarding damages and attorneys' fees by July 22, 2021. Doc. 49. On July 22, 2021, Lichter filed a status report. Doc. 50. The report explained that Lichter had communicated a demand to BAC but had not yet received a substantive response, and requested an extension of time, which was granted by the Court. Docs. 50, 51. On July 30, 2021, the parties submitted a joint status report, which explained that they had not yet been able to resolve the issues of statutory damages and attorney's fees. Doc. 52. The parties again requested an extension of time, which was granted by the Court. Docs. 52, 53. The parties were ultimately unable to resolve the issues of statutory damages and attorney's fees, and on August 6, 2021, Lichter submitted a status report explaining that he had still not received a substantive response to his demand. Doc. 54. Lichter's status report included a proposed briefing schedule which was

adopted by the Court.  Docs. 54, 55.  On August 20, 2021, Lichter moved for an order setting the amount of the statutory damages to be awarded and for attorneys' fees and costs.  Doc. 56.

## II.   LEGAL STANDARD

Under § 1692k(a)(2)(A) of the FDCPA, a prevailing plaintiff is entitled to "such additional damages as the court may allow, but not exceeding $1,000."  Prevailing plaintiffs are also entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  In determining the amount to be awarded in statutory damages, the court has to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).

In determining whether attorneys' fees are reasonable, New York has adopted the "lodestar" method outlined by the United States Supreme Court.  *See, e.g.*, *Perdue v. Kenny A.*, 559 U.S. 542, 551–52 (2010).  Therefore, under New York law, "[a] request for legal fees is presumptively reasonable where the fees sought are 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'"  *Gaia House Mezz LLC v. State St. Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

To calculate the reasonable hourly rate, "courts must look to the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Ognibene v. Parkes*, No. 08 Civ. 1335 (LTS) (FM), 2014 WL 3610947, at *2 (S.D.N.Y. July 22, 2014) (citing *Heng Chan v. Sung Yue Tung Corp.,* No. 03 Civ. 6048 (GEL), 2007 WL 1373118, at *2 (S.D.N.Y.2007)).  To calculate the reasonable number of hours worked, "the court takes account of claimed hours that it views as 'excessive, redundant, or

otherwise unnecessary.'" *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Ultimately, a district court has broad discretion in setting fee award amounts. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987); *see also Ruiz v. Maidenbaum & Assocs. P.L.L.C.*, No. 12 Civ. 5044 (RJS), 2013 WL 3957742, at *4 (S.D.N.Y. Aug. 1, 2013) ("In reviewing the submitted timesheets for reasonableness, the Court relies on its own familiarity with the case, as well as on its experience with the parties' evidentiary submissions and arguments." (citation omitted)).

## III. ANALYSIS

### a. Statutory Damages

Lichter seeks an award of $1,000.00 in statutory damages, the maximum allowed under the statute. 15 U.S.C. § 1692k(a)(2)(A). "Generally, courts have awarded less than the $1,000 statutory maximum damages 'where there is no repeated pattern of intentional abuse or where the violation was technical.'" *Woods v. Sieger, Ross & Aguire, LLC*, No. 11 Civ. 5698 (JFK), 2012 WL 1811628, at *4 (S.D.N.Y. May 18, 2012) (quoting *Dunn v. Advanced Credit Recovery Inc.*, No. 11 Civ. 4023 (PAE) (JLC), 2012 WL 676350, at *3 (S.D.N.Y. Mar. 1, 2012)). Awards of the statutory maximum of $1,000 are typically appropriate "in cases where the acts of the debt collector were particularly egregious." *Dunn v. Advanced Credit Recovery Inc.*, No. 11 Civ. 4023 (PAE) (JLC), 2012 WL 676350, at *3 (S.D.N.Y. Mar. 1, 2012), report and recommendation adopted, No. 11 Civ. 4023 (PAE), 2012 WL 1114335 (S.D.N.Y. Apr. 3, 2012) (citing *Overcash v. United Abstract Group Inc.*, 549 F.Supp.2d 193, 196 (N.D.N.Y.2008) (awarding $1,000 in statutory damages against each defendant who repeatedly sought to collect debts that had already been paid); *Baruch v. Healthcare Receivable Mgmt. Inc.*, No. 05 Civ. 5392 (CPS) (JMA), 2007 WL 3232090, at *4 (E.D.N.Y. Oct. 30, 2007) (awarding $1,000 where

defendants repeatedly contacted and threatened to sue plaintiff and harm her credit rating); *Annis v. E. Asset Mgmt., LLC*, No. 08 Civ. 458S (WMS), 2010 WL 1035273, at *5 (W.D.N.Y. March 8, 2010) (awarding $1,000 where defendant's violations included four months of calling plaintiff almost daily and threatening litigation)).

Courts in this circuit have found statutory damages of $500.00 appropriate in cases where there are only one or a few instances of violation of the FDCPA, the communications are not threatening nor abusive in tone, and where there is no evidence that the violations were intentional. *See, e.g.*, *Savino v. Comput. Credit*, 164 F.3d 81, 86 (2d Cir. 1998) (affirming the district court's award of $500.00 where there was one letter sent in violation of the statute, there was no evidence that the violation was intentional and where the communication was not threatening or abusive in tone). *See also Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F.Supp.2d 200, 210 (E.D.N.Y.2009) (awarding $500 in statutory damages where there was one letter sent in violation, and there was no evidence that the violation was intentional or threatening); *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 218 (E.D.N.Y. 2009) (awarding $500 where there was one letter sent in violation, it was not threatening in tone, there was no evidence that the violation was intentional, and the plaintiff suffered no actual damages). Courts have similarly awarded $550.00 per plaintiff where a dispute existed as to whether the violation of the statute was intentional. *Dowling v. Kucker Kraus & Bruh, LLP.*, No. 99 Civ. 11958 (RCC), 2005 WL 1337442, at *4 (S.D.N.Y. June 6, 2005) (noting that such a dispute does not preclude the Court from awarding Plaintiffs statutory damages as it does not raise a genuine issue of material fact.) Courts have also opted to award $250 in some comparable cases. *See, e.g.*, *Cordero v. Collection Co., Inc.*, No. 10 Civ. 5960 (SJ) (VVP), 2012 WL 1118210, at *2 (E.D.N.Y. Apr. 3, 2012) (awarding $250 where defendant sent plaintiff one letter requesting

payment of an outstanding medical bill); *Copper v. Global Check & Credit Servs., LLC*, No. 10 Civ. 145S (WMS), 2010 WL 5463338, at *2 (W.D.N.Y. Dec. 29, 2010) (awarding $250 where defendant called plaintiff's daughter more than once, disclosed plaintiff's debt, and failed to provide proper notice of the debt, and finding that these acts were "not so persistent or egregious as to warrant the statutory maximum.").

In the present case, BAC allegedly sent two letters and made one phone call to Lichter's wife in violation of the FDCPA. Doc. 43 at 1-3. There is no evidence that BAC's violations were intentional nor that they were threatening or abusive in tone. However, as the Court found, BAC's own records should have put it on notice that its letter to Lichter was inaccurate. Despite this, it brought the collection action against Lichter and litigated this case aggressively, even moving for reconsideration when the Court denied its motion for summary judgment. Under these circumstances, an award of $750.00 comports with statutory damages awarded in this circuit. Accordingly, Lichter is awarded $750.00 in statutory damages.

**b. Attorneys' Fees**

A debt collector found to be in violation of the FDCPA is liable "for the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C.S. §1692k(a)(3). A prevailing plaintiff should be awarded costs and reasonable attorney's fees in amounts to be determined by discretion of the court, whether or not they are entitled to an award of actual or statutory damages. *Savino v. Comput. Credit*, 164 F.3d 81, 87 (2d Cir. 1998) (citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989); *Emanuel v. American Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989)).

Use of the "lodestar" method, which consists of multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation, creates a presumptively reasonable

fee. *Woods v. Sieger, Ross & Aguire, LLC*, No. 11 Civ. 5698 (JFK), 2012 WL 1811628, at *5 (S.D.N.Y. May 18, 2012) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 188–90 (2d Cir. 2008)). "In determining the appropriate value of an attorney's services in arriving at a reasonable fee, the court should consider, *inter alia*, the difficulty of the question involved, the skill required to handle the problem, and the amount of time expended on the case." *M. Sobol, Inc. v. Wykagyl Pharmacy, Inc.*, 723 N.Y.S.2d 88, 89 (2001) (citation omitted). Fee applicants bear the burden of demonstrating the reasonableness of their request "through contemporaneous time records that describe with specificity the nature of the work done, the hours expended, and the dates." *Isakova v. Klein, Daday, Aretos & O'Donoghue LLC*, No. 19 Civ. 5221 (KAM) (ST), 2021 WL 2382465, at *3 (E.D.N.Y. June 10, 2021). Once a movant provides this evidence, the burden shifts to the non-movant who must then "point out all instances of irregularity or dispute, not just a few examples." *Red Apple Supermarkets, Inc. v. Malone & Hyde, Inc.*, 687 N.Y.S.2d 50, 51 (1999). After considering these issues, "[t]he determination of a reasonable attorney's fee is generally left to the discretion of the trial court, which is often in the best position to determine those factors integral to the fixing of a reasonable fee." *Miller Realty Assocs. v. Amendola*, 859 N.Y.S.2d 258, 261 (2008) (citation omitted).

Lichter has met his initial burden by submitting time and cost reports detailing the work performed and the costs incurred. *See* Doc. 58-1. Each entry contains a description of the task performed, the name of the attorney who performed the task, the amount of time that that attorney spent on the task, the hourly rate applicable to that attorney, and the relevant date. *Id.* As a result, Lichter has met his initial burden and BAC must point out all instances of

irregularity or dispute. *Red Apple Supermarkets, Inc.*, 687 N.Y.S.2d at 51. In its opposition, BAC raises six issues. *See* Doc. 60.

First, BAC argues that Lichter was "not fully successful" in this action because he "sought actual damages although there was no basis to do so." Doc. 60 at 7. Lichter did not seek actual damages in this case, nor does he now seek to recover for billing activity related to a claim for actual damages. Doc. 61 at 3-4. Lichter was fully successful on summary judgment for his claim for violation of the FDCPA. Doc. 43.

Next, BAC argues that Lichter filed the complaint as a putative class action, but never moved for class certification, thereby preventing BAC from making an offer of judgment pursuant to F.R.C.P. Rule 68. Doc. 60 at 7-8. BAC argues that because a pre-certification offer of judgment does not render a putative class action moot, they could not have made an offer of judgment "because discovery would need to take place on the class issues." Doc. 60 at 7. BAC is correct that a Rule 68 offer of judgment made prior to class certification does not render the class' claims moot. *See, e.g.*, *Schaake v. Risk Mgmt. Alts., Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001); *White v. OSI Collection Servs., Inc.*, No. 01 Civ. 1343 (ARR), 2001 WL 1590518, at *6 (E.D.N.Y. Nov. 5, 2001). However, this argument is unavailing as BAC could have made an offer of judgment to Lichter alone pursuant to F.R.C.P. Rule 68, as he never moved for class certification and no class was certified.

Next, BAC argues that Lichter has failed to provide contemporaneous billing records because Lichter does not "indicate in the attorney declarations that the billing records were made contemporaneously," nor does he "identify if a billing program was used, how the entries were entered, and how the billing records were created." Doc. 60 at 9. BAC does not point to any evidence to support its contention that the records provided by Lichter were not made

contemporaneously. Lichter agrees that contemporaneous time records are needed to support a fee application, and contends that "this requirement is satisfied where, as here, the application is supported by 'contemporaneous time records specifying for each attorney, the date, the hours expended, and the nature of the work done.'" Doc. 61 at 5 (citing *Katz v. Sharinn & Lipshie, P.C.*, No. 12 Civ. 2440 (MKB), 2013 WL 4883474, at *4 (E.D.N.Y. Sept. 11, 2013)) (internal quotation omitted).

BAC further contends that the records submitted for work performed by attorneys Barshay, Carajaval, Abreu, and Dudani should not be considered because they have not provided individual declarations as to the work performed and how their billing entries were created. Doc. 60 at 9. However, Plaintiff has provided a declaration of Craig B. Sanders as to the work performed by attorneys Sanders, Barshay, Carajaval, Abreu, and Dudani. Doc. 58. Mr. Sanders is responsible for maintaining the firm's billing records, and supervising the firm's billing procedures and policies. Doc. 58 at ¶ 8. "[A]n affiant may testify as to the contents of records she reviewed in her official capacity." *Hogan v. Lewis Cty.*, No. 716 Civ. 1325 (LEK) (ATB), 2018 WL 4689094, at *13 (N.D.N.Y. Sept. 28, 2018) (citing *Searles v. First Fortis Life Ins. Co.*, 98 F. Supp. 2d 456, 461 (S.D.N.Y. 2000)). Thus, BAC's argument is unavailing.

Next, BAC argues that the hourly fee sought by Plaintiff's counsel is excessive. Doc. 60 at 9. Plaintiff's counsel contends that based on their collective experience as "one of the larger filers of FDCPA claims in the nation," an hourly rate at the upper end of the approved range (e.g. $450 per hour) would be both warranted and appropriate. Doc. 59 at 9. Lichter asks the Court to determine that billing rates in this case should be $450 for partners (Craig Sanders and David Barshay), $350 for associate Jonathan Cader (14th year associate), $300 for associate Erica Carvajal (9th year), $250 for associate Joenni Abreu (4th year), $225 for associate Jitesh Dudani

(3rd year), and $100 for paralegal time (Angeliza Franco, Christian Garcia, and Stacey Berkowitz)." Doc. 59 at 9.

What constitutes a reasonable hourly rate should be "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "relevant community" for determining a reasonable hourly billing rate "is the district in which the court sits." *Bennett v. Asset Recovery Sols., Ltd. Liab. Co.*, No. 14 Civ. 4433 (DRH) (SIL), 2017 WL 432892, at *7 (E.D.N.Y. Jan. 5, 2017) (citing *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1998) (internal citation omitted)).  Recently, a Southern District court determined a rate of $450 per hour for partners, $325 per hour for senior associates, $250 per hour for junior associates; and $100 per hour for paralegals to be reasonable for this very firm for work of this type. *Greifman v. Grossman & Karaszewski, PLLC*, No. 19 Civ. 04625 (PMH), 2021 WL 1226420, at *3 (S.D.N.Y. Mar. 31, 2021).  Courts in this district have found, with respect to attorneys' fees in FDCPA cases, "reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates." *Seeger v. Ross & Assocs.*, No. 18 Civ. 03969 (ADS) (AYS), 2019 WL 5695944, at *5 (E.D.N.Y. Aug. 6, 2019) (quoting *McMahon-Pitts v. Sokoloff*, No. 15 Civ. 4975 (JFB), 2017 WL 1011473, at *3 (E.D.N.Y. Mar. 15, 2017)).  In light of the foregoing, this Court finds that a reasonable hourly rate in this case is $450 for partners, $325 for associate Cader, $300 for associate Carvajal, $225 for associates Dudani and Abreu, and $100 for paralegal time.

Additionally, an entry for associate Carvajal on September 20, 2019 bills 2.7 hours for travel to and from the courthouse at one hundred percent of the hourly rate.  Doc. 58-1.  Courts in this circuit "customarily reimburse attorneys for travel time at fifty percent of their hourly rates." *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) (citing *Clark v. Phillips*,

965 F. Supp. 331, 336 (N.D.N.Y. 1997); *DeCarlo v. Perales*, 963 F. Supp. 181, 184 (N.D.N.Y. 1997); *Davis v. City of New Rochelle*, 156 F.R.D. 549, 559 (S.D.N.Y. 1994); *Loper v. New York City Police Dep't*, 853 F. Supp. 716, 720 (S.D.N.Y. 1994)). Thus, this entry is reduced to 2.7 hours at fifty percent of the reasonable rate of $300 or $150.

Finally, BAC argues that the work performed by Lichter's attorneys was redundant. Doc. 60 at 10. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In this case, Lichter's counsel has zeroed out 36 time entries deemed to be redundant or otherwise unnecessary to bill. Doc. 58-1. Still, the Court considers whether the total hours billed are excessive. Lichter's counsel has billed 101.7 hours of billable work among six attorneys and three paralegals. This should have been a routine FDCPA claim, with which counsel is familiar as it is "one of the larger filers of FDCPA claims in the nation." Doc. 59 at 9. A routine FDCPA claim can be handled by fewer attorneys in fewer hours. *Solomon v. Allied Interstate, LLC*, No. 12 Civ. 7940 (CM), 2013 WL 5629640, at *2 (S.D.N.Y. Oct. 7, 2013) (finding that a single associate could have handled a routine FDCPA matter in about nine hours). However, what should have been a routine FDCPA claim was drawn out by BAC's insistence on litigating the matter aggressively, despite the fact that its own business records established that Lichter did not owe a debt to Bergen Urological. Accordingly, Lichter's counsel is awarded fees for the 101.7 billable hours requested, at the rates determined by the Court herein.

    **c. Costs**

Under the FDCPA, a prevailing plaintiff is entitled to the costs incurred in the action. 15 U.S.C. § 1692k(a)(3). Plaintiff seeks to recover $530.00 in costs, broken down as follows: (1) $400.00 for the filing fee; and (2) $75 for service of process with Lightning Process Service; and

(3) $55.00 in parking costs at the Southern District of New York courthouse. Doc. 59 at 12. Plaintiff is granted $530.00 in costs.

## IV. CONCLUSION

For the reasons set forth above, Lichter's motion for attorney's fees is GRANTED in part and DENIED in part. Specifically, the Court finds that Lichter is entitled to $750.00 in statutory damages, and $530.00 in costs. The Court finds that Lichter is further entitled to attorney's fees for the hours billed at the rates of $450 for partners Barshay and Sanders, $325 for associate Cader, $300 for associate Carvajal, $225 for associates Dudani and Abreu, and $100 for paralegal time, and at fifty percent of such rates for hours billed for travel time. Lichter has provided documentation supporting 32.8 hours billed between partners Sanders and Barshay, 58 hours billed by associate Cader, 3.3 hours billed by associate Carvajal, 2.7 of which are for travel time, 3.5 hours billed between associates Dudani and Abreu, and 4.1 hours of paralegal time. Doc. 58-1. Accordingly, the total attorney's fees to be awarded is $35,392.50. The Clerk of the Court is respectfully requested to issue judgment in accordance with the terms of this Opinion.

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 56, and to close the case.

It is SO ORDERED.

Dated: November 2, 2021
New York, New York

EDGARDO RAMOS, U.S.D.J.