UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH LICHTER, *individually and on behalf of all others similarly situated*,

            Plaintiff,

– against –

BUREAU OF ACCOUNTS CONTROL, INC.,

            Defendant.

**OPINION & ORDER**

19-cv-04476 (ER)

Ramos, D.J.:

    Joseph Lichter ("Lichter"), brought this putative class action against Bureau of Accounts Control, Inc. ("BAC Inc."), for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). On November 2, 2021, the Court issued a judgment against BAC Inc. Doc. 63. Before the Court is Lichter's motion for contempt pursuant to Federal Rule of Civil Procedure 45(g) for BAC Inc.'s failure to comply with subpoenas So Ordered by this Court. For the reasons stated below, Lichter's motion for contempt is DENIED at this time without prejudice to renew.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

    The Court assumes familiarity with its prior opinion in this matter, Doc. 63, and restates only the background necessary to resolve the instant motion.

    Lichter filed a complaint on May 16, 2019 against "BAC Inc.," a debt collection agency, alleging a violation of the FDCPA, 15 U.S.C. § 1692, *et seq*. Doc. 1. The complaint was based on an allegedly inaccurate collection letter sent by "Bureau of Accounts Control, Inc." to Lichter concerning a bill owed to Bergen Urological Assoc. PA, a medical provider. *Id*. ¶¶ 25, 32. The letter was sent on "Bureau of Accounts Control" letterhead. Doc. 1-1.[1] The complaint alleged that "Bureau of Accounts Control,

---

[1] The letter is signed "Bureau of Accounts Control" over the name "BAC Services, LLC." Doc. 1-1.

Inc., is a New Jersey Corporation with a principal place of business in Monmouth County, New Jersey." Doc. 1 ¶ 8. In its June 15, 2019 answer, the defendant admitted this allegation. Doc. 8 ¶ 8. In response to Lichter's Request for Admissions, the defendant admitted that it regularly attempts to collect and successfully collects debts owed to others.[2] Doc. 17-1, Request No. 6–7. The defendant also admitted that it "sent the Collection Letter to Plaintiff." *Id.*, Request No. 12. On February 28, 2020, in a letter motion to the Court, Peter Cipparulo, III ("Cipparulo"), the attorney for defendant, stated that his "office represents Defendant Bureau of Account Control, Inc." Doc. 13.

Following discovery, both parties filed motions for summary judgment. Docs. 16, 20. In its summary judgment motion, defendant relied on a Declaration by P. Susan Perrotty ("Perrotty"), dated June 3, 2020, wherein Perrotty admitted that it was "BAC" that sent Lichter two collection letters in regards to the debt that is the basis for Lichter's complaint and swore that such statements were true and correct under penalty of perjury. Doc. 20-5 ¶¶ 2, 4. Lichter opposed defendant's motion, specifically objecting to any statements made in Perrotty's Declaration because the nature of Perrotty's affiliation with "BAC Inc." was unclear. *See* Doc. 24-1. In response, on July 22, 2020, Perrotty filed an additional Declaration in support of her June 3, 2020 Declaration, stating that she was the "sole shareholder [of] defendant Bureau of Accounts Control, Inc." Doc. 29-2.

On July 24, 2020, defendant submitted a letter motion to the Court stating that "Defendant Bureau of Accounts Control, Inc., requests a pre-motion conference to Amend its Answer . . . ." Doc. 31 at 1. Several days later, on July 30, 2020, the defendant responded to a letter submitted by Lichter and again represented itself as "Defendant Bureau of Accounts Control, Inc." Doc. 35 at 1. In its amended answer filed

---

[2] Defendant's Responses to Plaintiff's Request for Admissions ("Defendant's Responses") was filed as an exhibit in support of Lichter's motion for summary judgment. Doc. 17-1. Defendant's Responses were devoid of any date stamps or signatures. The Court concludes that Defendant's Responses were submitted to Lichter in the interval between the Civil Case Discovery Plan and Schedule Order on September 12, 2019 and Lichter's filing of the May 4, 2020 Declaration.

on July 31, 2020, the defendant again admitted that it was "Bureau of Accounts Control, Inc." Doc. 36 ¶ 8. On August 4, 2020, Cipparulo requested an adjournment of a pre-motion hearing and again stated that his "office represents Bureau of Accounts Control, Inc." Doc. 38.

On March 17, 2021, the Court granted Lichter's motion for summary judgment, finding that the defendant violated the FDCPA when it mailed Lichter a collection letter for a debt Lichter did not owe. Doc. 43. Two weeks later, defendant addressed the Court as "Defendant Bureau of Accounts Control, Inc." in its letter request for a pre-motion conference. Doc. 45. On April 16, 2021, the Court held a status conference where it addressed and ultimately denied defendant's proposed motion for reconsideration of this Court's opinion on the summary judgment motions. Doc. 49. At that conference, the parties agreed to discuss a potential settlement agreement regarding damages and attorneys' fees and the Court instructed the parties to file a status report by July 22, 2021. *Id*. On August 6, 2021, Lichter submitted a status report explaining that he had not received a substantive response to his negotiation offers and proposed a briefing schedule for his motion to collect attorneys' fees and a statutory award. Doc. 54. The Court adopted the briefing schedule on August 10, 2021, Doc. 55, and on November 2, 2021, after briefing by both parties, the Court ordered defendant to pay Lichter $35,392.50 in attorneys' fees, $750.00 in statutory damages, and $530.00 in costs, Doc. 63 at 12.

On February 22, 2022, when negotiations to settle the November 2021 judgment failed, Lichter served defendant with a subpoena *duces tecum*, and a subpoena for the defendant to be deposed at the office of Lichter's attorney in aid of his efforts to enforce the judgment against the defendant. Docs. 65-1, 65-2. The defendant never produced the subpoenaed documents and Perrotty never appeared for a deposition. Doc. 65.

At a conference held on April 19, 2022, the Court ordered the defendant to appear for a deposition and produce the documents requested by Lichter. Min. Entry dated Apr. 19, 2022; Docs. 68, 69. Later that day, Lichter served the defendant with the subpoenas

3

So Ordered by this Court, Doc. 71-5 at 1, and advised BAC Inc. that if it did not comply with the subpoenas by May 3, 2022, Lichter would renew his application to the Court to hold the defendant in contempt, Doc. 71-6 at 1.

On May 4, 2022, Cipparulo sent the following email to Lichter:

> I have confirmed with my client that Bureau of Account Control, Inc. is a defunct corporation since 2015. See attached papers obtained from the Secretary of State of New Jersey. The current company is BAC Services, Inc. *d/b/a Bureau of Account Control, Inc.* I am attaching tax returns for BAC Services, Inc. since 2018 which do not print a pretty picture. They are below. My client's position is that the judgment is against a defunct corporation.

Doc. 71-7 at 1 (emphasis added).

Thus, for the first time in this litigation, having already passed the pleading stage, completed months of discovery, and the Court having adjudicated cross-motions for summary judgment and motions for statutory damages and attorneys' fees, the defendant now asserts that this litigation was brought against the wrong corporate entity.[3] *See Id.*

On May 24, 2022, Lichter filed the instant motion to hold the defendant in contempt for failure to comply with subpoenas So Ordered by this Court. Doc. 70. In response to Lichter's motion, the defendant sent a letter to the Court on June 6, 2022, stating that "Defendant Bureau of Accounts Control, Inc. is in receipt of plaintiff's motion for contempt." Doc. 72 at 1. Attached to the defendant's letter, was Perrotty's Declaration stating that she was the "principal member" of BAC Services, LLC ("BAC LLC") and that she "mistakenly thought that [Lichter] sued BAC Services, LLC." Doc. 72 at 3 ¶¶ 1, 5. Perrotty stated that she purchased the assets of BAC Inc. in August 2014 and then, on May 13, 2015, BAC Inc. was dissolved as evidenced by the documents Perrotty provided from the Secretary of State of New Jersey. *Id.* ¶¶ 4, 7; Doc. 72 at 4–9. Perrotty explained that she "provided the tax returns of BAC Services, Inc. to

---

[3] Curiously, in asserting that the wrong entity was sued, the defendant admits that it does business as "Bureau of Account Control, Inc.," the very entity that was named in the complaint. Doc. 71-7.

demonstrate that BAC Services, Inc. is a different company from Bureau of Accounts Control, Inc." Doc. 72 at 3 ¶ 8.

To summarize, the defendant: was sued as "Bureau of Accounts Control, Inc.;" answered the complaint and admitted that it was "Bureau of Accounts Control, Inc.;" it further admitted that it was the entity that sent Lichter the collection letter that was the basis of the complaint; and litigated this matter from the moment it was served on June 5, 2019, Doc. 7, through and including the three years that followed until May 4, 2022, as Bureau of Accounts Control, Inc. But now, after judgment has been entered against it and damages calculated, the defendant wants to avoid liability because for three years it purportedly neglected to notice that the wrong corporate entity was sued. Because the defendant, who was admittedly doing business as Bureau of Accounts Control, Inc., cannot, at this late date, and in the face of its numerous admissions that it was the entity that sent Lichter the collection letter, deny accountability, it will be held responsible for its violation of the Fair Debt Collection Practices Act. However, the sanctions will not be granted at this time. Rather, the Court will allow the defendant, and its successor BAC Services LLC, to comply with the subpoenas So Ordered by the Court on April 19, 2022.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 45(g) provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." *Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, No. 07 Civ. 7983 (DAB) (HBP), 2014 WL 1201905, at *4 (S.D.N.Y. Mar. 24, 2014). When seeking a contempt order, the moving party "must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Id.* It need

not be established that the violation was willful.  *Donovan v. Sovereign Sec. Ltd.*, 726 F.2d 55, 59 (2d Cir. 1984).

### III. DISCUSSION

#### A. Contempt

Lichter argues that the defendant should be held in contempt for its "blatant disregard of the subpoena when issued by counsel, and its continued failure to timely or meaningfully respond to the subpoena after the subpoena(s) had been 'So Ordered' by the Court."  Doc. 71 at 7.  By way of response, the defendant submitted a declaration by Perrotty, the principal member of BAC LLC, claiming that she could not produce the financial records from BAC Inc. because that company was dissolved on May 13, 2015.  Doc. 72 at 3 ¶ 10.[4]  Despite Perrotty's assertions, Lichter argues that the record is clear that the defendant failed to comply with the Court's order and should be held in contempt.

First, the order given by the Court was clear and unambiguous.  The order "[commanded]" BAC Inc. to appear and provide Lichter with a specific list of documents.  Docs. 68, 69.  The defendant had over a month and a half to respond to the initial subpoena, and did not respond for over two weeks when the Court So Ordered the subpoenas on April 19, 2022.  The fact that neither the defendant nor Perrotty complied with the subpoenas demonstrates by clear and convincing proof that no diligent efforts were made to comply.  *See Chase Bank USA., N.A. v. M. Harvey Rephen & Assocs., P.C.*, No. 19 MC 275 (GHW), 2019 WL 13046982 at *2 (S.D.N.Y. Aug. 16, 2019) (concluding that defendant's failure to "produce any documents responsive to the Subpoena and [failure] to produce a corporate representative for deposition" was clear and convincing evidence of non-compliance).

---

[4] Perrotty's Declaration includes two paragraphs labeled "9" and therefore the Court treats the second of the two as paragraph 10.

In defense, Perrotty explains that though "[BAC Inc.] has been dissolved as of May 13, 2015," she "mistakenly thought plaintiff had sued [BAC LLC]." Doc. 72 at 3 ¶¶ 5, 7. Perrotty explains that she purchased BAC Inc.'s assets and opened BAC LLC in 2014. *Id.* ¶ 4. By way of letter to the Court, the defendant adds that, "[BAC LLC] cannot produce the records from [BAC Inc.] as [BAC Inc. is] not under [BAC LLC's] control and [the records] do not exist." Doc. 72 at 1.

The Court rejects BAC Inc.'s defense. Importantly, Perrotty does not deny that her company sent Lichter the collection letter and has admitted throughout this litigation that it was sent on behalf of Bureau of Accounts Control, Inc. Thus, there was no inability to comply. *See* Doc. 17-1, Request No. 12 (BAC Inc. admitting it "sent the Collection Letter to Plaintiff."); Doc. 73-1 at 6 ¶ 25 (Perrotty identifying herself as the owner of BAC Inc.); Doc. 29-2 (Perrotty stating that she was the "sole shareholder [of] defendant Bureau of Accounts Control, Inc."). There is no dispute that Perrotty controlled both BAC LLC and BAC Inc.'s assets when BAC LLC sent the letter that created the basis for Lichter's complaint. *See* Doc. 72 at 3 ¶¶ 1, 4; Doc. 1-1. Furthermore, the record reflects that the current entity, BAC Services, Inc., is doing business under the name Bureau of Account Control, Inc. Doc. 71-7 at 1.

The Court holds that the doctrine of judicial estoppel precludes the defendant from avoiding accountability. Judicial estoppel can be invoked by the Court where it is the case: "(1) that a party's new position is 'clearly inconsistent' with its earlier position, (2) that the party seeking to assert this new position previously persuaded a court to accept its earlier position, and (3) that the party 'would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Intellivision v. Microsoft Corp.*, 484 Fed. App'x 616, 619 (2d Cir. 2012) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750–751 (2001)). "[B]ecause judicial estoppel is designed 'to prevent improper use of judicial machinery,' it is 'an equitable doctrine invoked by a court at its discretion.'" *Id.* (quoting *New Hampshire*, 532 U.S. at 750). The Second Circuit has limited judicial

7

estoppel to "situations where the risk of inconsistent results with its impact on judicial integrity is certain." *Uzdavines v. Weeks Marine, Inc*., 418 F.3d 138, 148 (2d Cir. 2005). Defendant's new position, that it has been defunct for the last eight years, is entirely inconsistent with the repeated admissions and declarations throughout this litigation that BAC Inc. was a New Jersey Corporation in the business of collecting debts for other companies, and that it was the company that sent the collection letter.  *See* Doc. 8 ¶ 8; Doc. 17-1, Request No. 6–7; Doc. 36 ¶ 8.  This Court and Lichter clearly relied on that position during the years-long action.

"It is well settled . . . that civil contempt proceedings must be 'remedial and compensatory, and not punitive . . . .'" *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 5 (2d Cir. 1989) (quoting *Sunbeam Corp. v. Golden Rule Appliance Co*., 252 F.2d 467, 469 (2d Cir. 1958)).  "The compensatory goal of civil contempt sanctions is 'met by awarding to the plaintiff any proven damages.'" *Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.,* 438 F. Supp. 3d 203, 207 (S.D.N.Y. 2020) (quoting *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996)).  Accordingly, the Court finds that it may grant Lichter's motion for contempt.  However, because it is apparent that the defendant was under the misimpression that it could not comply with the subpoenas, the Court will grant it the opportunity to cure prior to the imposition of sanctions.[5]

Accordingly, the defendant, doing business as Bureau of Accounts Control, Inc., and P. Susan Perrotty, the sole shareholder of the defendant that does business as Bureau of Accounts Control, Inc., are directed to comply with the So Ordered subpoenas by **April 21, 2023**.  If they fail to do so, Lichter may renew his motion for sanctions.  No pre-motion letter will be required in that event.

---

[5] For the same reasons, the Court will not at this time impose sanctions pursuant to its inherent powers and 28 U.S.C. § 1927.

## IV. CONCLUSION

For the reasons set forth above, Lichter's motion for contempt is DENIED without prejudice to renew. The Clerk is respectfully directed to terminate the motion, Doc. 70.

It is SO ORDERED.

Dated:  March 30, 2023
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.